UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/d THE NATIONAL BUTTERFLY CENTER AND MARIANNA TREVINO WRIGHT<br>     Plaintiffs<br><br>VS.<br><br>NEUHAUS & SONS, LLC, BRIAN KOLFAGE, AND WE BUILD THE WALL INC.<br>     Defendants | § § § § § § § § § § § § | CASE NO. 7:19-CV-00411 |

### DEFENDANT NEUHAUS & SONS, LLC'S ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, NEUHAUS & SONS, LLC, (hereinafter referred to as "Defendant" or "Neuhaus"), Defendant in the above-styled and numbered cause, and respectfully submits this its Original Answer to Plaintiffs' First Amended Petition and Application for Injunctive Relief and in support thereof, would respectfully show the Court as follows:

### A.   ADMISSIONS & DENIALS

1.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1.

2.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 2.

3.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 5.

6. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 6.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 7.

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegation in paragraph 11 that Texas Rule of Civil Procedure 47 is applicable in this court. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in this paragraph.

12. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 12.

13. Defendant admits he is the current owner of property adjacent to the river and the subject of this suit. Defendant admits it has leased an approximate eighty-foot strip of land along the Rio Grande river to TGR Construction Inc. TGR Construction Inc. has an option to purchase the leased property and has Defendant's consent (through the lease) to build a fence on the property.

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 14. Defendant denies that it has had any dealings with WBTW

and/or Brian Kolfage.

15.   Defendant denies the allegations in paragraph 15. Defendant has at no point made any public communications or comments about Plaintiff Butterfly Center or about Plaintiff Wright.

16.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 16 as the allegations are not directed to this Defendant.

17.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 17 as the allegations are not directed to this Defendant.

18.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 18 as the allegations are not directed to this Defendant.

19.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 19 as the allegations are not directed to this Defendant.

20.   Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 20, but Defendant denies that Plaintiff's property is in imminent peril.

21.   No response is required for the allegations in paragraph 21.

22.   Defendant denies the allegations in paragraph 22 that its actions constitute a nuisance to the Butterfly Center and denies that it has interfered with or invaded the Butterfly Center's land. Defendant entered into a lease agreement for use of its land with TGR Construction, Inc., which upon information and belief, is a subsidiary of Defendant Fisher Sand and Gravel Company. TGR Construction, Inc. leased the Neuhaus property for the purpose of constructing border fence facilities. The lease gives TGR Construction, Inc. control over the leased premises. Defendant lacks sufficient knowledge or information

to form a belief about the truth of the remaining allegations about the other Defendants.

23. Defendant denies that Plaintiffs are entitled to the damages and equitable relief sought against it in Paragraph 23, denies that it has conspired to create a nuisance, and denies that the Butterfly Center will suffer irreparable injury if the fence is built. Defendant entered into a lease agreement for its land with TGR Construction, Inc., which upon information and belief, is a subsidiary of Defendant Fisher Sand and Gravel Company. TGR Construction, Inc. leased the Neuhaus property for the purpose of constructing border fence facilities. The lease gives TGR Construction, Inc. control over the leased premises.

24. Defendant denies the allegations in Paragraph 24, denies that Defendant has violated the Texas Water Code, and denies that Plaintiff is entitled to injunctive relief. Defendant further denies any involvement in the construction made the basis of Plaintiffs' complaint. Defendant entered into a lease agreement for use of its land with TGR Construction, Inc., which upon information and belief, is a subsidiary of Defendant Fisher Sand and Gravel Company. TGR Construction, Inc. leased the Neuhaus property for the purpose of constructing border fence facilities. The lease gives TGR Construction, Inc. control over the leased premises.

25. Defendant denies the allegations in paragraph 25. Defendant denies having ever made any public communications or comments about Plaintiffs through social media or otherwise. Defendant has had no dealings with WBTW or with Brian Kolfage. Defendant has not authorized any other Defendant to speak on its behalf regarding these matters.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies that Plaintiffs are entitled to the relief sought against it in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. No response is required for the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30 and further denies any involvement in the construction made the basis of Plaintiffs' complaint. TGR Construction, Inc. leased the Neuhaus property for the purpose of constructing border fence facilities. The lease gives TGR Construction, Inc. control over the leased premises. Defendant further denies that is has failed to comply with any state or federal law regarding the actions it has taken in leasing the property and denies that injury to Plaintiff is imminent.

31. Defendant denies that Plaintiffs are entitled to the relief sought against it in paragraph 31. Defendant further denies any involvement in the activities made the basis of Plaintiffs' complaint. TGR Construction, Inc. leased the Neuhaus property for the purpose of constructing border fence facilities. The lease gives TGR Construction, Inc. control over the leased premises. Fisher Sand and Gravel Company and TGR Construction, Inc. have already been enjoined in an agreed temporary restraining order from constructing the fence until the IBWC approves the construction pending a hearing on IBWC's request for a preliminary injunction.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34 and further denies any involvement in the activities made the basis of Plaintiffs' complaint. Fisher Sand and Gravel Company and TGR Construction, Inc. have already been enjoined in an agreed

temporary restraining order from constructing the fence until the IBWC approves the construction pending a hearing on IBWC' request for a preliminary injunction.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36 and denies that the affidavit of Mark Tompkins is sufficient to entitle Plaintiff to injunctive relief.

37. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 37.

38. Defendant denies that Texas Rule of Civil Procedure 194 applies in this case and will timely make its FRCP 26 disclosures.

39. Defendant denies that Plaintiffs are entitled to the relief sought in Plaintiffs' Prayer.

## PRAYER

For these reasons, Defendant NEUHAUS & SONS, LLC asks the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

JONES, GALLIGAN, KEY & LOZANO, L.L.P.

By: /s/ Lance A. Kirby
LANCE A. KIRBY
Texas State Bar No. 00794096
Fed. ID No. 21811
2300 West Pike Boulevard, Suite 300
Weslaco, Texas 78596
(956) 968-5402
(956) 969-9402 Fax
Email: lakirby@jgkl.com

*Attorney in Charge for Defendant,*
*Neuhaus & Sons, LLC*

## CERTIFICATE OF SERVICE

I certify that on December 23, 2019, a copy of the foregoing was electronically filed using the CM/ECF system, which will automatically serve a Notice of Filing on the following attorneys:

Javier Peňa
Rebecca Vela
PEŇA AND VELA, P.L.L.C.
203 South 10th Street
Edinburg, Texas 78539
*Attorneys for North American Butterfly Association d/b/a The National Butterfly Center, and Marianna Trevino Wright*

David G. Oliveira
ROERIG, OLIVEIRA & FISHER, LLP
10225 N. 10th Street
McAllen, Texas 78504
*Attorneys for We Build The Wall, Inc.*

　　　　　　　　　　　　　　　　　　　　*/s/ Lance A. Kirby*
　　　　　　　　　　　　　　　　　　　　LANCE A. KIRBY