UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/d THE NATIONAL BUTTERFLY CENTER, AND MARIANNA TREVINO       *Plaintiffs* | § § § § § § § | |
| VS. | § § § | CASE NO. 7:19-cv-00411 |
| NEUHAUS & SONS, LLC, BRIAN KOLFAGE, AND WE BUILD THE WALL INC. et al       *Defendants* | § § § § | |

**DEFENDANTS FISHER INDUSTRIES and FISHER SAND AND GRAVEL CO.'S MOTION TO DISMISS AND ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW FISHER INDUSTRIES and FISHER SAND AND GRAVEL CO., Defendants in the above-entitled and numbered cause, and in response to Plaintiffs' First Amended Petition file this Motion to Dismiss and Original Answer and would respectfully show this court as follows:

**I.**

**First Defense – Motion to Dismiss 12(b)(6) as to all Plaintiffs for Failure to State a Claim Upon Which Relief Can Be Granted**

1

Defendants would show that the Plaintiffs' First Amended Petition fails to state a claim upon which relief can be granted. Accordingly, the Plaintiffs' actions against these Defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. With respect to the specific claims asserted by Plaintiffs against these Defendants, Defendants would show that Plaintiffs have failed to state a claim as follows:

**A.** **Nuisance.** Plaintiffs have failed to state a claim based on common law nuisance. Namely, Plaintiffs have failed to allege any facts showing that Defendants caused any interference with Plaintiff's property or that Plaintiff suffered any legal injury to Plaintiff's property. Further, the USIBWC, a federal agency, claims jurisdiction of construction projects in the flood plain of the Rio Grande River, and as such, Plaintiffs' claims in this regard are preempted by Federal law or treaty. Finally, Plaintiff Marianna Trevino Wright does not own any of property at issue in this case and, therefore, cannot make out a claim for nuisance related to a property.

**B.** **Violation of Texas Water Code.** A claim under the Texas Water Code is not a claim upon which relief can be granted in this case. Plaintiffs have not alleged that Defendants diverted any water onto Plaintiff's property, or that it caused any damage to Plaintiff's property, rather they claim only that it is possible that water could be diverted onto Plaintiff's property. A potential possible future claim does not state a present claim upon which relief can be granted. Further, plaintiff has not alleged any damages arising from a violation of the Texas Water Code. Finally, the USIBWC, a federal agency, claims jurisdiction of construction projects in the flood plain of the Rio Grande River, and as such,

Plaintiffs' claims in this regard are preempted by Federal law or treaty. Finally, Plaintiff Marianna Trevino Wright does not own any of the property identified in this case and, therefore, cannot make out a claim for violations of the Texas Water Code related to a property.

C. **Defamation & Business Disparagement.** Plaintiffs have failed to state a claim upon which relief can be granted because Plaintiffs do not allege that these Defendants made or published any defamatory statements. Further, Plaintiffs do not allege any damages resulting from any alleged defamatory statements. In addition, Plaintiffs claims should be dismissed pursuant to the Texas Citizens Participation Act (TCPA). TEXAS CIV. PRAC. & REM. CODE, § 27.001 *et seq.* and Defendants should have and recover attorney's fees and costs. Finally, with respect to Plaintiff Wright, none of the statements identified in Plaintiffs' Petition mention Plaintiff Wright or are directed at her personally, so she has failed to state a claim upon which relief can be granted.

D. **No Possible Fact of Damages.** Plaintiffs have failed to state a claim upon which relief can be granted because there can be no presumption that damages will ever occur. Damages which are remote and speculative are not recoverable. The factual uncertainty of the occurrence of any damages whatsoever defeats recovery. For that reason, Plaintiffs are unable to re-plead in order to defeat a motion to dismiss.

E. **No Possible Set of Facts.** There is no set of facts that Plaintiffs could plead which would state a claim against these Defendants. Damages must be the result of a party's wrong doing. A party cannot be charged with wrongdoing

when the conduct of that party would be approved by the United States International Border USIBWC which has the exclusive responsibility of decision for permitting this activity.

### III.

### THIRD DEFENSE – DEFENDANTS' ORIGINAL ANSWER

In specific response to the allegations contained in Plaintiffs' First Amended Petition and Application for Injunctive Relief, Defendants respectfully respond as follows:

1. The allegations of Paragraph One are incapable of being admitted or denied.

2. Defendants lack the information to admit or deny the allegations contained in Paragraph 2 of Plaintiffs First Amended Petition.

3. Defendants lack information to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' First Amended Petition.

4. The allegations contained in Paragraph 4 of Plaintiffs' First Amended Petition are admitted.

5. The allegations contained in Paragraph 5 of Plaintiffs' First Amended Petition are denied.

6. The allegations contained in Paragraph 6 of Plaintiffs' First Amended Petition are denied.

7. The allegations contained in Paragraph 7 of Plaintiffs' First Amended Petition are admitted.

8. The allegations contained in Paragraph 8 of Plaintiff's First Amended Petition are denied to the extent that Fisher Industries is not a legal entity and is not a

subsidiary of any other company, but rather is a trade name for Fisher Sand and Gravel Co.

9. The allegations of Paragraph 9 are denied to the extent that state court jurisdiction is appropriate in this matter, or that state court rules apply to this matter.

10. The allegations of Paragraph 10 are denied with respect to reference to state court jurisdiction.

11. The allegations of Paragraph 11 are denied to the extent that any damages are recoverable by Plaintiffs against these Defendants.

12. The allegations of Paragraph 12 of Plaintiffs' First Amended Petition are admitted.

13. The allegations of Paragraph 13 of Plaintiffs' First Amended Petition are admitted to the extent that Neuhaus owns property in the general area in question, but the remaining allegations are denied.

14. The allegations of Paragraph 14 of Plaintiffs' First Amended Petition are denied.

15. The allegations of Paragraph 15 of Plaintiffs' First Amended Petition are denied.

16. The allegations of Paragraph 16 of Plaintiffs' First Amended Petition are denied.

17. The allegations of Paragraph 17 of Plaintiffs' First Amended Petition are denied.

18. The allegations of Paragraph 18 of Plaintiffs' First Amended Petition are denied.

19. The allegations of Paragraph 19 of Plaintiffs' First Amended Petition are denied.

20. The allegations of Paragraph 20 of Plaintiffs' First Amended Petition are denied.

21. The allegations of Paragraph 21 of Plaintiffs' First Amended Petition are denied.

22. The allegations of Paragraph 22 of Plaintiffs' First Amended Petition are denied.

23. The allegations of Paragraph 23 of Plaintiffs' First Amended Petition are denied.

24. The allegations of Paragraph 24 of Plaintiffs' First Amended Petition are denied.

25. The allegations of Paragraph 25 of Plaintiffs' First Amended Petition are denied.

26. The allegations of Paragraph 26 of Plaintiffs' First Amended Petition are denied.

27. The allegations of Paragraph 27 of Plaintiffs' First Amended Petition are denied.

28. The allegations of Paragraph 28 of Plaintiffs' First Amended Petition are denied.

29. The allegations of Paragraph 29 of Plaintiffs' First Amended Petition are denied.
30. The allegations of Paragraph 30 of Plaintiffs' First Amended Petition are denied.
31. The allegations of Paragraph 31 of Plaintiffs' First Amended Petition are denied.
32. The allegations of Paragraph 32 of Plaintiffs' First Amended Petition are denied.
33. The allegations of Paragraph 33 of Plaintiffs' First Amended Petition are denied.
34. The allegations of Paragraph 34 of Plaintiffs' First Amended Petition are denied.
35. The allegations of Paragraph 35 of Plaintiffs' First Amended Petition are denied.
36. The allegations of Paragraph 36 of Plaintiffs' First Amended Petition are denied to the extent that it argues that a temporary restraining order I s appropriate in this case.
37. The allegations of Paragraph 37 are not capable of being admitted or denied .
38. The allegations of Paragraph 38 are not applicable given the removal of this case to Federal Court.

Incorporating the foregoing denials and admissions, the remainder of the allegations contained within Plaintiffs First Amended Petition, including prayer to the

Court do not require an admission or denial, but are denied to the extent that damages are sought.

### III.

### THIRD DEFENSE – AFFIRMATIVE DEFENSES

1. In further answer to Plaintiffs' claims, these Defendants would show that the complained of statements at issue in this matter were not made by any of the Fisher Defendants' or their employees, agents or representatives, and as such Defendant have no legal responsibility for the statements made by others not under their control.

WHEREFORE, PREMISES CONSIDERED, Defendants request that Plaintiffs prayer for equitable relief, including injunctive relief, for damages and for all other relief be denied and that Defendants have judgment in their favor including attorney's fees and costs.

/s/ Mark J. Courtois
MARK J. COURTOIS
Texas Bar No. 04897650
Email: mjcourtois@ffllp.com
Direct: 713-620-7226

FUNDERBURK FUNDERBURK COURTOIS, LLP
2777 Allen Parkway, Suite 1000
Houston, Texas  77019
(713) 526-1801
(713) 526-2708 - FAX

Attorneys for FISHER INDUSTRIES and
FISHER SAND AND GRAVEL CO.

## **CERTIFICATE OF SERVICE**

I, MARK J. COURTOIS, hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known Filing Users AND has been accomplished by Notice of Electronic Filing pursuant to Local Administrative Procedure 9(a) on this, the 7th day of January, 2020.

*/s/ Mark J. Courtois*
MARK J. COURTOIS