UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/a THE NATIONAL BUTTERFLY CENTER and MARIANNA TREVINO WRIGHT, <br> *Plaintiffs,* <br><br> v. <br><br> NEUHAUS & SONS, LLC; BRIAN KOLFAGE; WE BUILD THE WALL, INC.; FISHER INDUSTRIES; and FISHER SAND AND GRAVEL CO. <br> *Defendants.* | § § § § § § § § § § § § § § | CASE NO. 7:19-CV-00411 |

## PLAINTIFFS' OPPOSED MOTION TO REMAND

Plaintiffs North American Butterfly Association d/b/a The National Butterfly Center and Marianna Trevino Wright file this motion to remand under 28 USC § 1447(c).

### I. BACKGROUND

On December 3, 2019, Plaintiffs sued Neuhaus & Sons, LLC ("Neuhaus"), Brian Kolfage ("Kolfage"), and We Build the Wall Inc. ("WBTW") in the 389th District Court of Hidalgo County, Texas. Doc. 1-3. Neuhaus was served with the suit that same day. Doc. 1-2. On December 13, 2019, Neuhaus filed its notice of removal. Doc. 1. Neuhaus' sole basis for removal was the purported existence of a federal question. *Id*.

### II. ARGUMENT

The Fifth Circuit has articulated the law applicable to a motion to remand contesting the existence of federal-question jurisdiction, stating:

> District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. To exercise this flavor of jurisdiction, a federal question must appear on the face of the plaintiff's well-pleaded complaint.
>
> This scheme empowers the plaintiff to decide whether her case ends up in federal court. The plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist. And if she pleads only state-law claims, there is no basis for federal-question jurisdiction.
>
> If a district court can exercise original federal-question jurisdiction over an action, then a federal court may exercise removal

> jurisdiction over that action. The complaint establishes the basis for removal. Courts determine whether removal is proper by evaluating the complaint at the time the petition for removal is filed. The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.

*Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 Fed. Appx. 848, 851-52 (5th Cir. 2018) (footnotes, citations, brackets, and internal quotation marks omitted).

At the time of removal, Plaintiffs' live pleading was their "First Amended Petition and Application for Injunctive Relief" ("the subject pleading"). Doc. 9-1. The subject pleading only asserts three state-law claims: nuisance, defamation, and business disparagement. Neuhaus' notice of removal only suggests that the nuisance claim implicates this Court's federal-question jurisdiction. Doc. 1.

The Court must remand this case to state court, however, because Plaintiffs' lawsuit—specifically, their state common-law nuisance claim—does not involve a federal question.

> The district courts have federal-question jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. Cases typically arise under federal law when federal law creates the plaintiff's cause of action. Although this accounts for the vast majority of federal-question cases, the Supreme Court has nonetheless identified a slim category of state-law claims that give rise to federal-question jurisdiction. Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Federal-question jurisdiction over state-law claims is by far the exception, not the rule.

*PlainsCapital Bank v. Rogers*, 715 Fed. Appx. 325, 328 (5th Cir. 2017) (citations, brackets, and internal quotation marks omitted). In its notice of removal, Neuhaus makes no attempt to explain how the above four-prong test for exercising federal jurisdiction over a state-law claim has been satisfied here—nor could any suitable explanation ever be provided if attempted. Moreover, though the federal government's suit against Neuhaus in cause number 7:19-CV-00403 similarly calls into question the environmental affect of the border wall's construction, that relatedness does not provide a jurisdictional basis in support of removal. *See Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014) ("That a related case was pending in federal court is not in itself sufficient grounds for removal under 28 USC § 1441." (brackets and internal quotation marks omitted)).

### III. CONCLUSION

For these reasons, Plaintiffs ask the Court to grant this motion and remand this suit to the state court where it was originally filed.

Respectfully submitted,

**PEÑA AND VELA, P.L.L.C.**
203 South 10th Street
Edinburg, Texas 78539
Phone: (956) 383-0751
Fax: (956) 383-5980
Email: office@penavelalaw.com

By: */s/ Javier Peña*_____
JAVIER PEÑA
State Bar No. 24005092
REBECCA VELA
State Bar No. 24008207

**CERTIFICATE OF CONFERENCE**

I hereby certify counsel for Plaintiffs conferred with counsel of respondent, who indicated they are **OPPOSED** to the relief sought herein.

/s/ *Javier Peña*
Javier Peña

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2020, all counsel of record who have consented to electronic service were served with a copy of this document via the Court's CM/ECF system.

/s/ *Javier Peña*
Javier Peña