UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/a THE NATIONAL BUTTERFLY CENTER and MARIANNA TREVINO WRIGHT, *Plaintiffs*, | § § § § § § | |
| v. | § § | CASE NO. 7:19-CV-00411 |
| NEUHAUS & SONS, LLC; BRIAN KOLFAGE; WE BUILD THE WALL, INC.; FISHER INDUSTRIES; and FISHER SAND AND GRAVEL CO. *Defendants.* | § § § § § § | |

**PLAINTIFFS' OBJECTION AND RESPONSE TO
WEBUILDTHEWALL, INC.'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs North American Butterfly Association d/b/a The National Butterfly Center ("Butterfly Center") and Marianna Trevino Wright ("Wright") file this response in opposition to WeBuildTheWall, Inc.'s motion to dismiss, which seeks dismissal under Rule 12(b)(1) and 12(b)(6). ECF #14. For the reasons set forth below, the motion to dismiss should be denied.

**I.   INTRODUCTION**

1.   WeBuildTheWall ("WBTW") filed its motion to dismiss in response to the "Second Amended Complaint" that Plaintiffs filed on December 23, 2019. ECF #11, #14. That same day, however, the Court struck said pleading on the basis that Plaintiffs needed, but failed to obtain, the opposing party's consent or leave of court to file the pleading. ECF #13. On January 23, 2020, concurrently with the filing of this response, Plaintiffs filed an amended pleading as permitted by Rule 15(a)(B). FED. R. CIV. P. 15(a)(B) (permitting the filing of an amended pleading within 21 days of service of a Rule 12(b) motion). This pleading is also entitled

1

"Second Amended Complaint," but is substantively different from the identically-named pleading referenced in WBTW's motion.[1]

## II.   Objection to Motion to Dismiss

2.   Plaintiffs object to WBTW's motion to dismiss on the basis that it was untimely filed. Rule 81(c)(2) states, in relevant part, the following:

> A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed."

FED. R. CIV. P. 81(c)(2). The record before the Court establishes the following:

- WBTW did not file an answer in the state court prior to removal (ECF #1-5);
- WBTW received a copy of Plaintiffs' pleading and was served with the summons on December 4, 2019 (ECF #1-2 at 5-6); and
- the notice of removal in this cause was filed on December 13, 2019 (ECF #1).

Based on these dates and upon applying Rule 81(c)(2), WBTW's deadline for filing a Rule 12(b) motion was December 26, 2019.[2] *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (explaining that Rule 81(c) operates to "set the deadline for [a defendant] to make its first responsive pleading or motion after removal"). WBTW's motion, however, was not filed until January 2, 2020—one week after the filing deadline. ECF #14. Accordingly, Plaintiffs object to WBTW's motion on the basis that it is untimely. Plaintiffs ask the Court to sustain their objection and deny all relief requested in the motion.

---

[1] Plaintiffs merely bring this to the Court's attention to avoid confusion. All subsequent references herein to the Second Amended Complaint will refer to the pleading Plaintiffs filed on January 23, 2020.

[2] Because the 21st day from December 4 falls on December 5, a federal holiday, the deadline is extended to December 26, 2019.

2

**II.    ARGUMENT**

3.    When considering a defendant's Rule 12(b)(6) motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56.

**A.    The Butterfly Center's nuisance claim against WBTW should not be dismissed.**

4.    In *Freedman v. Briarcroft Property Owners, Inc.*, the Texas Fourteenth Court of Appeals rejected the defendant/appellant's argument that plaintiff's nuisance claim—which concerned an unbuilt parking lot (i.e., a prospective nuisance in fact)—was not "ripe" for litigation. 776 S.W.2d 212, 216 (Tex. App.—Houston [14th Dist.] 1989, writ denied). In rejecting the argument, the Fourteenth Court stated the following about law of nuisance:

> In point of error three, appellants contend the trial court erred in denying . . . their motion for new trial based on the contention that the issue of nuisance was not "ripe" for litigation. . . . Therein, appellants appear to contend that appellee was required to wait until the parking lot was in existence before appellee could complain of threatened injury.
>
> The law of nuisance may be divided into two categories; nuisance per se and nuisance in fact. A nuisance per se or at law is an act, occupation, or structure which is a nuisance at all times, regardless of location. A nuisance in fact or per accidens is one which becomes a nuisance by reason of circumstances and surroundings. *Id.* What constitutes a nuisance is one of degree and usually turns on a question of fact. Occasionally, the issue of the existence of a nuisance also raises questions involving technical propositions of law and matters of public policy. Precedents drawn from various cases are usually of little value because of the differences in the facts and circumstances. Every case must stand on its own footing. Whether a nuisance exists is a question to be determined not merely by a consideration of the thing itself, but with respect to all attendant circumstances.

3

> The general rule is that an injunction will be granted only to restrain an existing nuisance and not to restrain an intended act on the ground that it may become a nuisance. However, a court of equity is empowered to interfere by injunction to prevent a threatened injury where an act or structure will be a nuisance per se, *or will be a nuisance for which there is no adequate remedy at law, or where a nuisance is imminent*. When an attempt is made to enjoin an anticipated nuisance, the threatened injury must not be merely probable but reasonably certain before a court will exercise its equitable power to restrain it.
>
> Although a parking lot is not a nuisance per se, the parking lot did not have to be in existence to bring this claim. Appellants' intent to create the parking lot was imminent. Whether appellants' conduct constituted a threatened nuisance was for the fact-finder. However, appellee's suit was certainly ripe enough to complain of appellant's imminent conduct. Point of error three is overruled.

*Id*. (citations omitted; emphasis added). The *Freedman* court went on to hold (1) that the jury was entitled to decide whether or not "the proposed use of the lot in question would be a nuisance," which the jury did so find; and (2) that the trial court, as a result of the jury's finding, was entitled to provide the plaintiff with permanent injunctive relief. *Id*. at 216-17.[3]

5. Pursuant to *Freedman*, the Court should find that the Butterfly Center has alleged a viable nuisance claim and plausible right to relief since the Second Amended Complaint alleges sufficient facts to support a determination that (1) there "will be a nuisance for which there is no adequate remedy at law" when considering the resulting damage to the Butterfly Center's land;[4] and (2) the prospective "nuisance is imminent." *Freedman*, 776 S.W.2d at 216. Furthermore, the Second Amended Complaint alleges sufficient facts to support the conclusion that WBTW is working alongside the other named defendants in facilitating the wall's

---

[3] More recently, in *1717 Bissonnet, LLC v. Loughhead*, the Fourteenth Court again recognized that "[a] court may exercise its equitable power to enjoin a prospective nuisance under certain circumstances." 500 S.W.3d 488, 497 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

[4] *See, e.g., Knight v. Volkart*, No. 13-01-00858-CV, 2002 WL 31623580, at * (Tex. App.—Corpus Christi Nov. 21, 2002, no pet.) (mem. op.) (recognizing that "loss of real property is an irreparable injury").

4

construction, such that WBTW may plausibly be liable to the Butterfly Center for any nuisance resulting from the wall's construction.

### B. The Butterfly Center has nonsuited its claim under the Texas Water Code.

6. Though the Center at one time asserted a claim under Texas Water Code § 11.086, that claim has since been abandoned through the filing of Plaintiffs' Second Amended Complaint. Accordingly, WBTW's request for dismissal of that claim has been rendered moot.

### C. The Butterfly Center's defamation and business disparagement claims and Wright's defamation claim should not be dismissed.

7. WBTW argues that the Butterfly Center lacks standing to bring claims for defamation and business disparagement, while Wright lacks standing to bring a claim for defamation. WBTW's standing arguments appear to be WBTW's sole basis for presenting its motion to dismiss as one brought under Rule 12(b)(6) *and* Rule 12(b)(1), with the latter rule intended to address an alleged lack of subject-matter jurisdiction.

8. In relation to the Butterfly Center's claims, WBTW cites *Waste Management v. Texas Disposal Systems Landfill, Inc.*, 434 S.W.3d 142, 150 n.35, as purported support for the contention that "only a natural person, corporation or partnership may sue for defamation," but *Waste Management* contains no language to support that contention. *Waste Management* does recognize that a defamation claim belongs to "the owner of the business and not the business itself." 434 S.W.3d at 150 n.35. But because the Butterfly Center is a nonprofit—for which there is no separate ownership—the business/owner distinction referenced in *Waste Management* is inapplicable here. In the absence of Texas law clearly establishing a non-profit's inability to bring suit for defamation, WBTW's standing arguments against the Butterfly Center should be rejected.

9. With respect to Wright, WBTW argues that she lacks standing because the defamatory publications did not mention her. To begin, Plaintiffs maintain that this argument goes to Wright's ability to prove an essential element

5

of her defamation claim, not standing. Nonetheless, this argument fails because Texas courts have recognized that "[a] publication may clearly be defamatory as to someone, and yet on its face make no reference to the individual plaintiff." *Davis v. Davis*, 734 S.W.2d 707, 711 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Though the defamatory statements at issue were expressly directed at the Butterfly Center, any reader of those statements would reasonably conclude that the Butterfly Center's alleged criminal wrongdoing was being facilitated through the Butterfly Center's agents in positions of leadership. Accordingly, though no direct reference was made to Wright, accusations that the Butterfly Center was economically sustaining itself through rampant criminal activity permit a reader to reasonably infer that Wright—as the Butterfly Center's executive director—was facilitating that criminal activity.

10. Lastly, the factual allegations in Plaintiffs' Second Amended Complaint enable one to conclude that (1) the Butterfly Center has suffered special damages as a result of the defamatory statements; (2) Kolfage published the defamatory statements while acting as WBTW's agent and president; and (3) the complained of statements were, in fact, defamatory. For all these reasons, the Court should deny WBTW's request to dismiss Plaintiffs' claims for defamation and business disparagement.

### III. CONCLUSION

11. Because Plaintiffs stated claims on which relief can be granted against WBTW and for which Plaintiffs have standing to pursue, the Court should deny WBTW's motion.

Respectfully submitted,

**PEÑA AND VELA, P.L.L.C.**
203 South 10th Street
Edinburg, Texas 78539
Phone: (956) 383-0751
Fax: (956) 383-5980
Email: office@penavelalaw.com

By: */s/ Javier Peña*_____
 JAVIER PEÑA
 State Bar No. 24005092
 REBECCA VELA
 State Bar No. 24008207

## CERTIFICATE OF SERVICE

    I hereby certify that on January 23, 2020, all counsel of record who have consented to electronic service were served with a copy of this document via the Court's CM/ECF system.

/s/ *Javier Peña*
Javier Peña
