**UNITED STATES DISTRICT COURT**
**SOUTHER DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/a THE NATIONAL BUTTERFLY CENTER and MARIANNA TREVINO WRIGHT, *Plaintiffs,* | § § § § § § | |
| v. | § § | CASE NO. 7:19-CV-00411 |
| NEUHAUS & SONS, LLC; BRIAN KOLFAGE; WE BUILD THE WALL, INC.; FISHER INDUSTRIES; and FISHER SAND AND GRAVEL CO. *Defendants.* | § § § § § | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs North American Butterfly Association d/b/a The National Butterfly Center ("Butterfly Center") and Marianna Trevino Wright ("Wright") file this "Second Amended Complaint" to bring claims and seek damages against Defendants Neuhaus & Sons, LLC ("Neuhaus"); Brian Kolfage ("Kolfage"); We Build the Wall, Inc. ("WBTW"); Fisher Industries; and Fisher Sand and Gravel Co. ("Fisher Sand").

**I. Parties**

1. Plaintiff North American Butterfly Association is a nonprofit doing business in Hidalgo County, Texas as The National Butterfly Center.

2. Plaintiff Marianna Trevino Wright is an individual resident of Hidalgo County, Texas who appears in her individual capacity.

3. Defendant Neuhaus & Sons, LLC is a registered Texas Limited Liability Company which owns property and does business in Hidalgo County, Texas. Neuhaus has appeared in this suit.

4. Defendant Brian Kolfage is a resident of Florida. Kolfage was at all times material hereto doing business in Texas. The causes of action asserted arose from and/or are connected with purposeful acts committed by said Defendant in Texas, as more fully described below. Kolfage has minimum contacts with Texas necessary to establish specific and general personal jurisdiction over said Defendant in Texas courts. Kolfage conducts and solicits business in Texas and

has purposely directed its activities to Texas residents such that exercise of jurisdiction over Kolfage comports with and would not violate notions of fair play and substantial justice. He may be served with process by private process server, or by certified mail, return receipt requested at his place of work at 7940 Front Beach Rd, Suite 1042, Panama City Beach, FL 32407 or wherever he may be found.

5. Defendant We Build the Wall, Inc. is a Florida nonprofit corporation doing business in Texas, and was at all times material hereto doing business in Texas, but does not maintain a place of regular business and does not maintain a registered agent for service of process in Texas. The causes of action asserted arose from and/or are connected with purposeful acts committed by WBTW in Texas, as more fully described below. WBTW has minimum contacts with Texas necessary to establish specific and general personal jurisdiction over it in Texas courts. WBTW conducts and solicits business in Texas and has purposely directed its activities to Texas residents such that exercise of jurisdiction over WBTW comports with and would not violate notions of fair play and substantial justice. WBTW has appeared in this suit.

6. Defendant Fisher Sand and Gravel Co. is a North Dakota corporation and can be served through its agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

7. Defendant Fisher Industries is a subsidiary of Fisher Sand and Gravel Co. and can be served through its agent, National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## II. Jurisdiction and Venue

8. Plaintiffs deny that the Court has subject-matter jurisdiction over this suit and contend that their suit was improperly removed from the 398th District Court of Hidalgo County, Texas. Plaintiffs deny that this Court has either federal-question jurisdiction or diversity jurisdiction.

9. Venue is proper because the state court where this suit had been pending is located in this district. *See* 28 U.S.C. § 1441(a).

## III. Facts

10. Butterfly Center is the owner and possessor of a certain interest in real property located in Hidalgo County, Texas, referred to in this pleading as "the Butterfly property," as more particularly described as follows:

    **Legal Description:** PORCION 52 BNG AN IRR TR S1230.40'-N11627.86'-W786.24' 18.62AC GR-18.21 AC NET.

    **Address:** 3333 BUTTERFLY PRK DR/ S SHUEBACH TX;

    **Legal Description:** PORCION 52 BNG AN IRR TR N443.42'-S7065.3'-W786.24' LOTS 7-10 8AC
    **Address:** 3 MILES S SCHUEBACH TX; and

    **Legal Description:** PORCION 52 BNG AN IRR TR N3065.29'-S6621.91'-W995.2' LOTS 7-10 72 AC GR 64.31AC NET
    **Address:** 3 1/2 MILES S SCHUEBACH TX

11. According to Hidalgo County property records, Neuhaus is the owner of real property located in Hidalgo County, Texas, which neighbors Butterfly Center's property. Neuhaus' property is more specifically described as follows:

    **Legal Description:** PORCION 53 POR 53-FDE LA GARZA & O OCHOA 541.21AC
    **Address:** S LOS EBANOS RD ON RIVER TX; and

    **Legal Description:** BANCO NO. 65 TORTUGA 97.40AC
    **Address:** ON THE RIVER S LOS EBANOS RD TX

Upon information and belief Fisher Industries, Fisher Sand, Kolfage, and WBTW (collectively "Builder Defendants") have purchased and/or obtained permission from Neuhaus to build a wall on Neuhaus' property ("the Neuhaus Property").

12. WBTW is a Florida nonprofit corporation which was registered with the State of Florida on or about January 2019. WBTW raises funds with divisive far right rhetoric. Although WBTW is less than a year old, it is already under investigation for wrongdoing by the State of Florida. Kolfage is WBTW's founder and president. Kolfage has gained notoriety in recent years for his reckless and ornery magniloquence used to raise money for various causes he leads. Kolfage began to publicly speak about his immigration concerns several years back, and he later began requesting that people donate money to him to purportedly help President Trump fund the building of a border wall. Kolfage raised a significant amount of money from private citizens who believed his rhetoric about the dangers of the impending invasion of brown-skinned people across the southern border. It was then discovered that the money that Kolfage had taken from his supporters could not legally be given to the federal government. In an effort to cover this up, Kolfage transitioned his efforts to building "private border walls" without governmental approval or oversight. To that end, WBTW and Kolfage are the fundraising arm and agents of Fisher Industries and Fisher Sands (collectively "Fisher Defendants"). Fisher Defendants directly engage in the planning, development, and construction of

these private border walls.

13. Defendants entered into a mutual agreement to benefit each other's interests. Neuhaus wanted to protect the Neuhaus Property from having the federal government build a border wall on its property's northern border. Neuhaus' agents/representatives have publicly stated that they believe allowing WBTW to build a wall similar to the wall built by WBTW and the Fisher Defendants in New Mexico would deter the federal government from building a wall on the northern border of the Neuhaus Property. Fisher Defendants have sought to utilize these private projects to show case their new wall design in order to sell the design to the federal government. An agent of Fisher Defendants known as "Foreman Mike" works as both a real property scout for Fischer Defendant and an actor for WBTW where he, with the permission of Fischer Defendants, is allowed to film promotional videos to raise money to defray the construction costs of Fisher Defendants. WBTW is the self-propertied media cheerleader of the wall construction on the Neuhaus Property. WBTW has already committed to paying five percent of the cost and has recently voted to pay more at the end of the wall project. Neuhaus and Fischer Defendants have given WBTW access to the Neuhaus Property and have allowed WBTW the authority to claim control of the project in fund raising efforts because all parties gain from WBTW's fundraising efforts.

14. Defendants have engaged in a divide-and-profit approach of fundraising against residents of the Rio Grande Valley. Defendants have falsely claimed that the Butterfly Center and its executive director, Wright, are engaged in "human trafficking" and "drug smuggling" in an attempt to vilify Plaintiffs in the eyes of would-be donors. *See* Exhibit "B." More specifically, Kolfage and WBTW published defamatory statements through their Twitter accounts in November 2019. Their defamatory publications reached and were seen by a large number of people in the Rio Grande Valley and throughout the Country. As a result, multiple supporters of Defendants have begun to engage in targeted harassment of Plaintiffs and those supporters have in turn continued the defamatory smears that Kolfage and WBTW started. The reality, however, is that Plaintiffs have never engaged in any criminal activities. The malicious and false attacks on Plaintiffs are but part of Defendants' plan to enrage parts of the populace so they can make a profit off the fears of Americans who are looking for victims to blame for what they believe is wrong with the world.

15. Builder Defendants further their divide-and-profit approach by claiming that they have the solution to the fears that they have stoked. Builder Defendants claim that they can single handedly build a border wall faster than the government and at a fraction of the price. They fail to mention that they can build it faster and cheaper because they do not (1) get approvals for their plans, (2) comply with any laws regarding construction, or (3) conduct any studies to ensure that they will not cause more harm than good. In short, they boast that they can build it faster, cheaper, and *riskier* than professionals.

16. Builder Defendants' rush to avoid studies and inspection would result in an illegal structure that will cause permanent damages to neighboring American property belonging to Butterfly Center. Builder Defendants' construction of a permanent steel wall—on a cleared portion of the banks of the Rio Grande River and within the floodplain—would cause a redirection and buildup of surface water during flooding events. This redirection of surface water and the accompanying debris would cause permanent damage to Butterfly Center's property, which cannot be remedied with any monetary sum. *See* Exhibit "A" (affidavit of Mark R. Tompkins).

17. Builder Defendants refuse to wait for testing and inspections because they plan to be long gone with their donors' money before plans can be vetted. Builder Defendants plan to move on to other locales to fleece more people of more money leaving Butterfly Center and other local landowners to suffer as a result their negligence.

18. Builder Defendants plan to ignore the government's request to study their plans. On November 15, 2019, Fisher Industries and several of its directors received an official request from the United States Section of the International Boundary and Water Commission (USIBWC) to cease construction of the proposed private border wall. Builder Defendants were directed to (1) file permit applications and submit other required permits with the International Boundary and Water Commission (IBWC) and (2) thereafter give IBWC time to study the plans to ensure compliance with international treaties.

19. On November 27, 2019, Kolfage, WBTW's founder and president, published a tweet stating: "We are not stopping and we are on schedule [sic] start building the wall soon! If only the government could operate this fast, we would have half the border secured by now." A follower of Kolfage posted a reply stating he could not wait to see how fast it all goes up after the groundwork is done. Kolfage replied, "A couple of days." Butterfly Center's property is in

immediate peril.

## IV. Causes of Action & Requested Relief

20. The allegations set forth in the above "Facts" section and the content of all attached exhibits are hereby incorporated by reference into this section.

### *Nuisance*

21. Builder Defendants' ongoing construction of their private border wall on the Neuhaus Property—and Neuhaus' consent and acquiescence to that construction—represents a prospective nuisance to the Butterfly Center: a nuisance that will be fully realized when the wall approaches completion and/or is completed. Despite having the authority to cease construction operations on the Neuhaus Property, Neuhaus is permitting and enabling Builder Defendants to proceed with the wall's construction. WBTW and Fisher Defendants are both actively facilitating the wall's development and have contractual and/or actual control over its construction. Builder Defendants have publicly represented that completion of their wall is imminent—no more than a few weeks or months away. As explained in the attached affidavit from environmental engineer Mark R. Tompkins, Builder Defendants' wall will result in a condition that will substantially interfere with Butterfly Center's private use and enjoyment of its land. The interference with and invasion of Butterfly Center's land interest is the result of Builder Defendants engaging in conduct that is (1) negligent, (2) intentional and unreasonable, and/or (3) abnormal and out of place in its surroundings.

22. Butterfly Center thus seeks a legal determination that Defendants, through their acts and/or omissions, are participating and conspiring in the development of a wall that will, in all reasonable probability, create an actionable nuisance affecting the Butterfly Center's property. Butterfly Center further seeks (1) actual damages for any injury to its property that may occur by the date of trial and (2) equitable relief in the form of both a temporary and permanent injunction enjoining Defendants from developing the currently proposed wall (or something similar) on the Neuhaus Property. In the absence of injunctive relief, Butterfly Center will suffer an irreparable injury. The benefit of issuing injunctive relief outweighs any harm to Defendants and the public.

### *Defamation & Business Disparagement*

23. In or around November 2019, Kolfage and WBTW made a number of defamatory statements while acting within the scope of their general authority

as agents of Fisher Defendants and Neuhaus, all of whom conspired together to defame Plaintiffs. Kolfage published disparaging statements relating to Plaintiffs through online social media and did so while acting at the behest of and to further the interest of WBTW, whose president is Kolfage. The defamatory statements made were intended to further the business interests of Neuhaus, the Fisher Defendants, WBTW, and Kolfage. Defendants made the subject statements with malice to enrage their supporters and motivate them to donate money to Defendants and their suspect causes. In particular, Kolfage's malice was demonstrated by the fact that Kolfage—upon receiving Plaintiffs' request to retract the subject statements—responded by ridiculing Plaintiffs' effort to resolve the matter amicably. The defamatory statements made entailed false allegations that the Butterfly Center made money by engaging in sex/human trafficking and drug trafficking. Readily inferable from such statements was that the Butterfly Center's leadership—namely, its executive director, Wright—was overseeing this alleged criminal activity, for the Butterfly Center (like any other entity) can only act through its agents.

24. In connection with said defamatory statements, Wright sues Defendants for defamation. Wright has suffered injury to reputation, personal humiliation, and mental anguish as a result of the aforementioned defamatory statements, for which she seeks to recover damages. Furthermore, Wright's damages may and should be presumed since the statements at issue are defamatory per se in that they falsely alleged the commission of a crime. Wright seeks both actual and exemplary damages in connection with this claim.

25. In connection with said defamatory statements, the Butterfly Center sues Defendants for defamation and business disparagement. The Butterfly Center's damages may and should be presumed since the statements at issue are defamatory per se in that they falsely alleged the commission of a crime. That point aside, the Butterfly Center has incurred general and special damages—including pecuniary loss and injury to its reputation, good name, and community standing—as a result of the defamatory statements, for which it seeks relief. The Butterfly Center seeks actual, special, and exemplary damages in connection with these claims.

## V. Conditions Precedent And Capacities

26. All conditions precedent necessary for suit and recovery have been performed or have occurred. Plaintiffs sue Defendants in all capacities in which they are entitled to recover.

## VI. Prayer

For these reasons, Plaintiffs ask the Court to do the following: (1) provide preliminary injunctive relief as requested herein; (2) enter judgment for Plaintiffs; (3) award Plaintiffs actual and exemplary damages; (4) afford Plaintiffs permanent injunctive relief as requested herein; (5) award Plaintiffs attorney fees; (6) award Plaintiffs prejudgment and post-judgment interest; (7) award Plaintiffs costs of suit; and (8) grant Plaintiffs any other relief the Court deems appropriate.

Respectfully submitted,

**PEÑA AND VELA, P.L.L.C.**
203 South 10th Street
Edinburg, Texas 78539
Phone: (956) 383-0751
Fax: (956) 383-5980
Email: office@penavelalaw.com

By: */s/ Javier Peña*_____
    JAVIER PEÑA
    State Bar No. 24005092
    REBECCA VELA
    State Bar No. 24008207

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 20, all counsel of record who have consented to electronic service were served with a copy of this document via the Court's CM/ECF system.

      /s/ *Javier Peña*
      Javier Peña