Case 7:19-cv-00411   Document 34   Filed on 01/27/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION DBA NATIONAL BUTTERFLY CENTER, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-00411 |
| NEUHAUS & SONS, LLC, *et al*, | § § § | |
| Defendants. | § § | |

## MINUTE ENTRY

The Court issues this Minute Entry to clarify the effect of Plaintiffs' Second Amended Complaint (Dkt. No. 32) on Defendants' pending Motions to Dismiss (Dkt. Nos. 29–30). As Plaintiffs note, Plaintiffs, in their Second Amended Complaint, abandon their cause of action under the Texas Water Code. Dkt. No. 31 at ¶ 6. However, Plaintiffs' other changes do not substantively affect the basis for Defendants' arguments in their Motions to Dismiss.

While there are new allegations in Plaintiff's pleading, these additions do not address the concerns Defendants raise in their Motions to Dismiss. *See generally* Dkt. Nos. 29–30. For example, when pleading their nuisance cause of action, Plaintiffs add, in their Second Amended Complaint, "Despite having the authority to cease construction operations on the Neuhaus Property, Neuhaus is permitting and enabling Builder Defendants to proceed with the wall's construction. WBTW and Fisher Defendants are both actively facilitating the wall's development and have contractual and/or actual control over its construction." Dkt. No. 32 at ¶ 21. Defendants' arguments regarding the insufficiency of Plaintiffs' nuisance claim revolve around Plaintiffs' failure to plead any substantial interference, or any interfere at all, with the use and

enjoyment of their property from anything related to any of the Defendants. Dkt. No. 29 at 7. Therefore, Plaintiffs' additional pleading does not affect Defendants' argument.

In alleging their defamation and business disparagement claim, in their Second Amended Complaint, Plaintiffs explicitly articulate how Plaintiff Wright was allegedly disparaged and her corresponding injuries.[1] Defendants' primary argument for Plaintiffs' failure to state a defamation and business disparagement claim is that the "defamation allegations against them should be dismissed under The Texas Citizens Participation Act ("TCPA"), Texas' anti-SLAPP statute." Dkt. No. 29 at 10 (citing TEX. CIV. PRAC. & REM. CODE § 27.003(a)). Therefore, the addition to Plaintiffs' live pleading does not affect this argument.[2]

---

[1] The addition to Plaintiffs' complaint in this respect is as follows:

> The defamatory statements made entailed false allegations that the Butterfly Center made money by engaging in sex/human trafficking and drug trafficking. Readily inferable from such statements was that the Butterfly Center's leadership—namely, its executive director, Wright—was overseeing this alleged criminal activity, for the Butterfly Center (like any other entity) can only act through its agents.
>
> In connection with said defamatory statements, Wright sues Defendants for defamation. Wright has suffered injury to reputation, personal humiliation, and mental anguish as a result of the aforementioned defamatory statements, for which she seeks to recover damages. Furthermore, Wright's damages may and should be presumed since the statements at issue are defamatory per se in that they falsely alleged the commission of a crime. Wright seeks both actual and exemplary damages in connection with this claim.
>
> In connection with said defamatory statements, the Butterfly Center sues Defendants for defamation and business disparagement. The Butterfly Center's damages may and should be presumed since the statements at issue are defamatory per se in that they falsely alleged the commission of a crime. That point aside, the Butterfly Center has incurred general and special damages—including pecuniary loss and injury to its reputation, good name, and community standing—as a result of the defamatory statements, for which it seeks relief. The Butterfly Center seeks actual, special, and exemplary damages in connection with these claims.

Dkt. No. 32 at ¶¶ 23–25.

[2] The Court notes that Defendants also contend that "it is apparent that none of the statements complained of by Plaintiffs direct[ly] name Plaintiff Wright individually, so as [an] additional ground for dismissal, her claims should be dismissed for failing to state a claim upon which relief can be granted." Dkt. No. 29 at 14. While Plaintiffs' amended pleading does attempt to draw a more direct connection between the allegedly defamatory statements and Plaintiff Wright, Plaintiffs do not contend that the allegedly defamatory statements referenced Plaintiff Wright explicitly. *See* Dkt. No. 32 at ¶ 23.

The other significant addition to Plaintiffs' Second Amended Complaint is found in the Facts section. Dkt. No. 32 at ¶ 13. In this paragraph, Plaintiffs' allege that the Defendants, including Defendant Neuhaus & Sons, LLC, entered into "a mutual agreement to benefit each other's interest." *Id.*

As Plaintiffs did not eliminate the basis for Defendants' arguments through Plaintiffs' amendment to their pleading (Dkt. No. 32), Defendants' Motions to Dismiss (Dkt. Nos. 29–30) are not moot.[3] However, should Defendants wish to file a motion addressing Plaintiffs' Second Amended Complaint specifically, they may do so by filing an amended motion.[4] Absent such a filing, the Court will consider the Motions to Dismiss pending before it (Dkt. Nos. 29–30).[5]

SO ORDERED this 27th day of January, 2020, at McAllen, Texas.

_____
Randy Crane
United States District Judge

---

[3] Furthermore, Plaintiffs respond to the pending Motions and do not contend that Defendants' Motions are moot. *See* Dkt. No. 31.

[4] Should Defendants not file a second amended motion, Defendants may file a reply in support of their pending Motions. *See* Local Rule 7.4.

[5] The Court is aware of the Motion to Remand pending before the Court. Dkt. No. 26. The Court will address the Motion to Remand (Dkt. No. 26) prior to examining the pending Motions to Dismiss (Dkt. Nos. 29–30).