UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/d THE NATIONAL BUTTERFLY CENTER, AND MARIANNA TREVINO  *Plaintiff*s | § § § § § § § | |
| VS. | § § § | CIVIL ACTION NO. 7:19-cv-00411 |
| NEUHAUS & SONS, LLC, BRIAN KOLFAGE, AND WE BUILD THE WALL INC. et al  *Defendants* | § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER FRCP 26(F)**

**1.   State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Counsel for the parties conferred by telephonic conference call on January 22, 2020. Participating in the telephonic conference call were

   A.   Plaintiff North American Butterfly Association and Plaintiff Marianna Trevino Wright's counsel Javier Pena of the law firm Pena and Vela, P.L.L.C., 203 South 10th Street, Edinburg, Texas 78539, Phone (956) 383-0751;

   B.   Defendant Neuhaus & Sons, LLC's counsel Lance Alan Kirby of the law firm Jones Galligan Key & Lozano, LLP, 2300 W Pike Blvd, Suite 300, Weslaco, TX 78596, Phone (956) 968-5402;

   C.   Defendant We Build the Wall, Inc.'s counsel David George Oliveira of the law firm Roerig Oliveira and Fisher, 10255 N 10th Street, McAllen, Texas 78504,

1

Phone(956) 393-6300; and

D.   Defendant Fisher Sand and Gravel Co. and Defendant Fisher Industries' counsel Mark Joseph Courtois of the law firm Funderburk Funderburk Courtois, LLP, 2777 Allen Parkway, Suite 1000, Houston, TX 77019, Phone (713) 620-7226.

E.   Defendant Brian Kolfage has not been served as of this time.

2.  **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

    Civil Action No. 7:19-cv-00403; *United States of America vs. We Build the Wall, Inc., et al.* in the United States District Court for the Southern District of Texas, McAllen Division.

    At the request of the International Boundary and Water Commission (USIBWC), the United States of America as Plaintiff filed a Complaint for Injunctive Relief against Defendants Fisher Industries, Fisher Sand and Gravel Co., and Neuhaus & Sons, LLC. relating to the same property at issue in this case filed by the North American Butterfly Association property. In both cases, plaintiffs sought injunctive relief to prevent the continued construction of the border fence on Defendant's private property. The Complaint for Injunctive Relief was filed by the United States based upon allegations that pursuant to a treaty with Mexico, the government is required to approve all construction projects in the Flood Plain of the Rio Grande border with Mexico. Through its approval process, the USIBWC determines whether the construction is acceptable. After the expiration of an agreed Temporary Restraining Order, the Court denied without prejudice the government's request for a Preliminary Injunction.

    Plaintiffs contends that no sufficient relationship exists with the above referenced case that would warrant the Court's exercise of federal jurisdiction over this matter.

3.  **<u>Briefly</u> describe what this case is about.**

    In this case, Plaintiffs North American Butterfly Association and Marianna Trevino asked for injunctive relief alleging that the private border fence being built on the Neuhaus property will cause damages to the National Butterfly Center located upstream of the Neuhaus property. The request for injunctive relief was heard by the Court and denied on January 9, 2020. Plaintiffs contend and allege a state law nuisance claim. Plaintiffs also contend and alleged state law defamation and business disparagement claims against Defendants arising out of fund-raising twitter statements allegedly made by Brian Kolfage or We Build the Wall on social media to raise money for the private border wall in question. Defendant We Build

the Wall has indicated that if this matter is not dismissed on the pending motions, it anticipates it will file counterclaims as a result of statements made by Plaintiffs.

**4.   Specify the allegation of federal jurisdiction.**

Plaintiffs deny federal jurisdiction exist in this matter. Defendants contend that removal under federal jurisdiction pursuant to 28 USCA § 1331 federal question based upon the allegations made by plaintiffs, the treaties in place and in light of USIBWC's claim of preeminent and exclusive jurisdiction over construction in the flood plain of the Rio Grande River.   One or more Defendants also contend that diversity jurisdiction exists in this matter based on the citizenship of the parties and the fraudulent joinder of Marianne Trevino as a plaintiff in this matter.

**5.   Name the parties who disagree with the jurisdictional allegations and state their reasons.**

Plaintiffs disagree and have filed a Motion to Remand claiming that only state law claims have been pled in this matter and there are no related federal questions.

**6.   List anticipated additional parties that should be included, when they can be added, and by which parties desire their inclusion.**

TGR Construction, Inc. ("TGR") is the actual company which has taken an interest in the property at issue, and is in charge of the construction of the border fence on the Neuhaus property, and should be added as a party in place of Fisher Sand & Gravel Co. and Fisher Industries.  TGR is a subsidiary of Fisher Sand & Gravel Co.

**7.   List anticipated interventions.**
No interventions are anticipated.

**8.   Describe any class-action issues.**
There are no class-action issues.

**9.   State whether each party represents that it has made the initial disclosures required by FRCP 26(a).  If not, describe the arrangements that have been made to complete such disclosures.**

A significant amount of information has been exchanged by the parties as a part of the earlier ancillary proceedings relating to the denial without prejudice of Plaintiffs request for a preliminary injunction.  The parties anticipate that initial disclosures can be completed and exchanged by February 17, 2020.

**10.   Describe the discovery plan agreed by the parties by stating:**

    **A.   What changes should be made in the timing, form or requirement for disclosures under Rule 26(a).**

3

The parties are agreeing to be make disclosures by February 17, 2020. Otherwise, no other changes.

**B.	When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates it will send discovery to each of the Defendants.

**C.	When and to whom the defendant anticipates it may send interrogatories.**

Should Defendants' Motion to Dismiss be denied, Defendants anticipate they will send written discovery to each Plaintiff.

**D.	Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the depositions of:

1. Lance Neuhaus
2. Tommy Fischer
3. Brian Kolfage
4. Mike Furey (aka "Foreman Mike")
5. Any fact and expert witnesses identified by Defendants

**E.	Of whom and by when the defendant anticipates taking oral depositions.**

Should Defendants' Motion to Dismiss be denied, Defendants anticipate taking the depositions of Marianna Trevino, representatives of the North American Butterfly Association, any fact witnesses identified by Plaintiffs, and any experts identified by Plaintiffs

**F.	When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipate they can designate experts and provide reports by June 15, 2020.

**G.	List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

4

        Plaintiffs anticipate they will take the deposition of any Defense designated expert which Plaintiffs anticipate can be completed by September 28, 2020.

    **H.**    **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

        Defendants anticipate they will take the deposition of any expert designated by Plaintiffs.

**11.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement on the plan as set forth herein.

**12.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery has been conducted to date. Although documents relating to water modeling and lease documents have been provided to Plaintiffs by the Defendants.

**13.**    **State the date the planned discovery can reasonably be completed.**

The parties anticipate that the planned discovery can be completed by September 28, 2020.

**14.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Given the ongoing status of project approval by the USIBWC at this time, it is hopeful that once that issue is resolved, a prompt settlement or resolution of the issues related to the border fence can be resolved at any early stage.

**15.**    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have engaged in open and productive discussions about the prompt resolution of the claims at issue in this case, and plan to continue to engage in such discussions as this matter progresses.

**16.**    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

If this matter is not resolved before the end of the discovery period, the parties agree to participate in mediation.

**17.  Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties are opposed to a trial before a magistrate judge.

**18.  State whether a jury demand has been made and if it was made on time.**

There has been no demand for a jury.

**19.  Specify the number of hours it will take to present the evidence in this case.**

The length of time for this matter will depend on what claims are still active at the time of trial.  If there are claims related to construction of the border fence still pending at the time of trial, there will be a need for expert testimony on all sides.  If the only claim pending are claims relating to defamation, then the presentation of evidence will likely take no more than 32 hours.

**20.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiffs' Motion to Remand

Defendant WBTW 12(b)(1) and 12(b)(6) Motions to Dismiss

**21.  List other motions pending.**

Fisher Defendants First Amended 12(b)(6) Motion to Dismiss

Neuhaus & Sons, LLC Motion to Dismiss

**22.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Defendants contend that here is the possibility that discovery in this case, especially the content and timing of discovery, may be affected by the content and timing of discovery in the related case.  *United States vs. We Build the Wall, et al.,* 7:19-cv-00403, United States District Court for the Southern District of Texas, McAllen Division.   Plaintiffs disagree with this contention.

**23.  List the names, bar numbers, addresses and telephone numbers of all counsel.**

A. **Counsel for Plaintiff(s) North American Butterfly Association and Marianna Trevino:**

    JAVIER PENA
    State Bar No. 24005092
    REBECCA VELA
    State Bar No. 24008207
    PENA AND VELA, P.L.L.C.
    203 South 10th Street
    Edinburg, Texas 78539
    Phone: (956) 383-0751
    Fax: (956) 383-5980
    Email: office@penavelalaw.com

B. **Counsel for Defendant Neuhaus & Sons, LLC:**
    LANCE A. KIRBY
    JONES, GALLIGAN, KEY & LOZANO, L.L.P.
    Texas Bar No. 00794096
    2300 West Pike Boulevard, Suite 300
    Weslaco, Texas 78596
    (956) 968-5402
    (956) 969-9402 Fax
    Email: lakirby@jgkl.com

C. **Counsel for Defendant We Build the Wall, Inc.:**

    David G. Oliveira
    David George Oliveira
    Texas Bar No. 15254675
    10255 N 10th Street
    McAllen, Texas 78504
    Telephone: (956) 393-6300
    Facsimile: (956) 386-1625
    Email: doliveira@rofllp.com

    Thomas G. Haskins, Jr.
    BARNES & THORNBURG LLP
    Texas Bar No. 24087681
    2121 North Pearl Street, Suite 700
    Dallas, Texas 75201
    Telephone: (214) 258-4200
    Facsimile: (214) 258-4199
    Email: thaskins@btlaw.com

D. **Counsel for Fisher Industries and Fisher Sand & Gravel Co.**

Mark J. Courtois
FUNDERBURK FUNDERBURK COURTOIS, LLP
Texas Bar No. 04897650
Email: mjcourtois@ffllp.com
Direct: 713-620-7226
2777 Allen Parkway, Suite 1000
Houston, Texas  77019
(713) 526-1801
(713) 526-2708 - FAX

Respectfully submitted,

_____/s/ Javier Pena*_____    Date: 1/27/20
Javier Pena
Counsel for Plaintiffs
North American Butterfly Association
and Marianna Trevino

_____/s/ Lance Kirby"_____    Date: 1/27/20
Lance Kirby
Counsel for Defendant
Neuhaus & Sons, LLC

_____/s/ David Oliveira*_____    Date: 1/27/20
David G. Oliveira
Counsel for Defendant
We Build the Wall, Inc.

_____/s/ Mark Courtois_____    Date: 1/27/20
Mark J. Courtois
Counsel for Defendants
Fisher Industries and
Fisher Sand & Gravel, Co.

*Signed by permission by MJC

8