IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION DBA NATIONAL BUTTERFLY CENTER, *et. al.,*<br>　　　　　　　　　　Plaintiff,<br>v.<br>NEUHAUS & SONS, LLC, *et al.*,<br>　　　　　　　　　　Defendants. | Case No.: 7:19-cv-00411 |

## DEFENDANT WEBUILDTHEWALL'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Defendant WeBuildTheWall, Inc. ("WBTW") files this Reply in opposition to the Objection and Response to WeBuildTheWall Inc.'s Motion to Dismiss ("Response") filed by Plaintiffs North American Butterfly Association ("NABA") and Marianna Trevino Wright ("Wright" and, together with NABA, "Plaintiffs").[1]

**I.   Introduction**

The Plaintiffs' Second Amended Complaint (the "Second Amended Complaint" or "SAC") still contains causes of action without legal or factual allegations sufficient to maintain these claims. As a matter of law, no cognizable claim exists against WBTW. Plaintiffs' Response fails to remedy these deficiencies outlined in WBTW's Motion to Dismiss ("Motion to Dismiss") (Dkt. No. 14). This Court should dismiss all of Plaintiffs' remaining claims against WBTW.[2]

---

[1] On January 27, 2020, this Court issued an order (Dkt. No. 34) clarifying the effect of Plaintiffs' Second Amended Complaint (Dkt. No. 32) on Defendants Fisher Industries, Fisher Sand and Gravel Co., and Neuhaus & Sons, LLC's Motions to Dismiss (Dkt. No. 29–30). Without conceding Plaintiffs properly filed the Second Amended Complaint, WBTW respectfully requests that its own pending Motion to Dismiss (Dkt. No. 14) be afforded similar treatment. The changes to Plaintiffs' Second Amended Complaint do not substantively affect the basis for WBTW's Motion to Dismiss arguments. As such, WBTW's Motion to Dismiss is not moot. WBTW will treat the Second Amended Complaint as the live pleading.

[2] Plaintiffs omitted all mention of the Texas Water Code claim in the Second Amended Complaint, therefore, WBTW will treat the claim as no longer a part of the case.

**II.     Plaintiffs' Objection to WBTW's Motion to Dismiss is unfounded.**

Oddly, Plaintiffs first object to WBTW's Motion to Dismiss as untimely. At a status conference on December 19, 2019, this Court orally granted WBTW's request for an extension of time to file its responsive pleading (Minute Entry from December 19, 2019). Plaintiffs' counsel was present at that hearing. The Court imposed a deadline of January 2, 2020. WBTW's Motion to Dismiss was filed on January 2, 2020 in accordance with the Court's imposed deadline (Dkt. No. 14). Plaintiffs' objection is completely without merit.

**III.    Argument**

    **A.    Plaintiffs' Claim for a "Prospective Nuisance" is Not Ripe.**

In an effort to remedy the ripeness issue presented by their nuisance claim, Plaintiffs attempt to frame their nuisance claim as akin to either a nuisance per se or an "imminent" nuisance for which there is "no adequate remedy at law."

While Plaintiffs may contend their Response addresses the ripeness deficiencies, Plaintiffs' own pleadings directly contradict their claim that the wall is either a nuisance per se or imminent. Instead, Plaintiffs allege that the complained-of wall *could* "cause a redirection and buildup of surface water during flooding events." SAC at ¶ 19. As Plaintiffs concede, a nuisance per se "is a nuisance at all times." Response at ¶ 4. Plaintiffs' Second Amended Complaint, on the other hand, simply alleges that the complained-of wall could be a nuisance during certain *potential* events—i.e., there are no allegations that the alleged nuisance will be a nuisance "at all times" or that such nuisance is "imminent." Nothing about the complained-of wall is inherently a nuisance, and the Plaintiffs' factual allegations only point to non-imminent flooding events as possibly impeding their enjoyment of their land. Plaintiffs' fail to allege facts necessary to maintain a claim for prospective nuisance. *See, e.g., O'Daniel v. Libal*, 196 S.W.2d 211, 213 (Tex. Civ. App.—Waco 1946, no writ.) ("A mere prospect of future annoyance or injury from a structure or

instrumentality which is not a nuisance per se is not ground for an injunction, and equity will not interfere where the apprehended injury or annoyance is doubtful, uncertain or contingent.").

> **B.** **Plaintiffs' Claim for Actual Damages for a "Prospective Nuisance" is Not Permitted under Texas Law.**

In the Second Amended Complaint, Plaintiffs seek "actual damages for any injury to its property that may occur" for their prospective nuisance claim. SAC at ¶ 22. However, Plaintiffs may not recover actual damages for a prospective nuisance claim under Texas law. *1717 Bissonnet, LLC v. Loughhead*, 500 S.W.3d 488, 496-97 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[W]e have not found . . . any Texas authority permitting recovery of damages in tort liability for a prospective nuisance. In the absence of any basis in the common law or any statute . . . we decline to create a new tort cause of action allowing the recovery of damages allegedly caused by a prospective nuisance."). Plaintiffs fail to allege a cognizable theory for actual damages for their nuisance claim under Texas law.

> **C.** **Plaintiffs' Defamation and Business Disparagement Claims Should be Dismissed.**
>
>> *1.* *Plaintiff NABA lacks standing to bring a defamation claim.*

"Plaintiffs always have the burden to establish standing." *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Each Plaintiff must meet this burden "with the manner and degree of evidence required at the successive stages of the litigation, which means that on a motion to dismiss, [they] must allege facts that give rise to a plausible claim of . . . standing." *Christopher v. Lawson*, 358 F. Supp. 3d 600, 606 (S.D. Tex. 2019) (citing *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009)) (internal quotations omitted). Plaintiffs concede that NABA has no owner. *See* Response at ¶ 8. Without an owner, there is no identifiable party associated with NABA that is able to satisfy the standing requirement to bring a defamation claim under Texas law. *See Waste*

3

*Mgmt. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 150 n.35 (Tex. 2014) (articulating that only a natural person, corporation or partnership may sue for defamation).

Here, Plaintiffs contend a nonprofit has standing to bring a defamation claim on behalf of the organization. But Plaintiffs do not cite to a single factual allegation or legal authority supporting Plaintiffs' position. Plaintiff thus fails to satisfy its burden. As discussed in *Waste Management*, only a natural person, corporation or partnership may sue for defamation. *Id.* at 149-51 & n.35. NABA does not allege to be any of the three.

Furthermore, while Plaintiffs attempt to distinguish *Waste Management*, other courts have cited to *Waste Management* for the very proposition that a non-owner of a business lacks standing for a defamation claim. *See Garza-Selcer v. 1600 Pac. Subtenant, LLC*, 2016 WL 11474103, at *6 (N.D. Tex. Aug. 30, 2016) (dismissing business entity's claim for defamation because, under Texas law, the business owner is the proper party to bring a defamation claim). Accordingly, NABA has failed to sufficiently allege standing. Its attempts to flip the burden to WBTW are inappropriate, and it is glaring that NABA could not cite a single piece of support for their allegation that they have standing in this matter.

   2.   *Plaintiff Wright lacks standing to bring a defamation claim.*

Plaintiffs' Response asserts that Wright has standing because she is associated with NABA, and someone may "infer" that the statements "expressly directed at the Butterfly Center" were also directed at Wright. Response at ¶ 9. Under Plaintiffs' theory of standing, each time a person tweeted an allegedly defamatory tweet about "Amazon" or "Amazon employees," any Amazon employee would have standing to bring a defamation claim. This version of standing would lead to the absurd result of over 600,000 Amazon employees having standing to bring a defamation claim each time someone tweets a potentially defamatory statement about Amazon. Fortunately, that is not the standard imposed.

Instead, in order to prove an action for defamation, Texas law requires the plaintiff to establish that the defamatory statement actually referred to the plaintiff. *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 429 (Tex. 2000). The tweets at issue do not mention a single individual. A general condemnation cannot reasonably be regarded as referring to a particular plaintiff within a group. *See Prosser & Keeton on Torts* § 111 (5th ed. 1984). Under Texas law, "a defamatory statement must refer to an identifiable plaintiff and not merely to members of a class or group of persons." *Harvest House Publ'rs v. Local Ch.*, 190 S.W.3d 204, 213 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *Evans v. Dolcefino*, 986 S.W.2d 69, 77 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see, e.g., New York Times Co. v. Sullivan*, 376 U.S. 254, 288–89 (1964) (holding that since the Plaintiff was not identified by his name or office, and nothing in the statement itself could be read as accusing the Plaintiff of personal involvement, the statement was not "of or concerning" the Plaintiff).

According to the group libel doctrine, a plaintiff "has no cause of action for a defamatory statement directed to some of, but less than, the entire group when there is nothing to single out the plaintiff." *Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 651 (Tex. App. 2014); *Huckabee*, 19 S.W.3d at 429 (holding party had no cause of action for defamation where the complained-of statements criticizing the family-law courts in Harris County did not single out a particular plaintiff in a group); *Texas Beef Grp. v. Winfrey*, 11 F.Supp.2d 858, 864 (N.D.Tex. 1998), *aff'd*, 201 F.3d 680 (5th Cir. 2000) (holding party had no cause of action for defamation where the complained-of statements discussing the dangerous practices in the beef industry did not single out a particular plaintiff in the group for a defamation claim); *Diaz v. NBC Universal, Inc.*, 536 F. Supp. 2d 337, 342 (S.D.N.Y. 2008), *aff'd*, 337 F. App'x 94 (2d Cir. 2009) (dismissing

group libel claim at motion to dismiss stage and discussing how multiple states apply the group libel doctrine in an identical way)..

And while Plaintiffs may rely on their general statements in the Second Amended Complaint that Wright has been defamed, they cite for the Court the specific statements of which they complain—and none mention Wright. When the allegations in a pleading are contradicted by an attached exhibit, the exhibit controls. *See Simmons v. Peavy-Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."). Wright's association with NABA should not provide her carte blanche standing to bring a defamation claim for any allegedly defamatory statement directed at the nonprofit group that employs her.

### 3. *Plaintiffs do not satisfy their burden to demonstrate standing for the business disparagement claim.*

For a business disparagement claim, a plaintiff must establish that: (1) the defendant published disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003). Business disparagement is similar to defamation, but "the two torts differ in that defamation actions chiefly serve to protect the personal reputation of an injured party, while a business disparagement claim protects economic interests." *Id.*

Plaintiffs' Second Amended Complaint does not contain a plausible set of facts to satisfy their burden to establish standing for either individual Plaintiff for the business disparagement claim. Specifically, (1) NABA lacks standing because Plaintiffs fail to cite any legal authority for the proposition that a nonprofit has standing for a business disparagement claim; and (2) Wright lacks standing because in her individual capacity she is unable to suffer the type of economic injury

that a business disparagement claim aims to protect. *See Schaffer v. Univ. Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968).

Despite having three attempts to remedy their standing issues for each of their claims, Plaintiffs still fail to plead adequate facts to satisfy their burden or to delineate which Plaintiff allegedly has standing for each claim. Instead, Plaintiffs have taken a "spaghetti against the wall" approach, hoping they can avoid establishing standing by simply alleging the same actions harmed multiple parties—without connecting an action to specific harm. That should not be countenanced.

      4. *Plaintiffs Fail to Allege Sufficient Wrongdoing by WBTW.*

Plaintiffs' naked assertion that WBTW is the agent of certain other Defendants, without sufficient factual allegations to support such a claim, fails. *See In re Xtreme Power Inc.*, 563 B.R. 614, 649 (Bkrptcy. Ct. W.D. Tex. 2016) (dismissing claim where "no facts to support [] conclusory agency statement"). Plaintiff has failed to remedy this issue. Instead, Plaintiff continues to point to allegedly defamatory statements which clearly came from a twitter account, which on its face, does not belong to WBTW.

**IV.**   **Conclusion**

The Second Amended Complaint does not satisfy the applicable pleading standards under the Federal Rules. Accordingly, this Court should dismiss the claims outlined in WBTW's Motion to Dismiss.

Respectfully submitted,

**ROERIG OLIVEIRA AND FISHER**

*/s/ David G. Oliveira*
David George Oliveira
Federal ID No. 34165
Texas Bar No. 15254675
10255 N 10th Street
McAllen, Texas 78504
Telephone:  (956) 393-6300
Facsimile:   (956) 386-1625
Email: doliveira@rofllp.com

**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Federal ID No. 2257983
Texas Bar No. 24087681
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone:  (214) 258-4200
Facsimile:   (214) 258-4199
Email:       thaskins@btlaw.com

*Counsel for Defendant WeBuildTheWall, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 30th day of January 2020.

*/s/ David George Oliveira*
David George Oliveira