# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION DBA NATIONAL BUTTERFLY CENTER, *et. al.*,<br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEUHAUS & SONS, LLC, *et al.*,<br>　　　　　　　　Defendants. | Case No.: 7:19-cv-00411 |

## DEFENDANT WEBUILDTHEWALL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant WeBuildTheWall, Inc. ("WBTW") files this Response in opposition to Plaintiffs North American Butterfly Association ("NABA") and Marianna Trevino Wright's ("Wright" and, together with NABA, "Plaintiffs") Motion to Remand.[1]  The Motion to Remand must be denied.  Plaintiffs seek to remand this case because, they allege, the pleadings only assert state law claims.  But the state law claims contain an embedded federal question that is essential to determining the outcome of this case.  This matter is properly in and should remain in federal court.

**I.     Procedural Background**

On or about December 3, 2019, Plaintiffs NABA and Wright filed an Original Petition and Application for Injunctive Relief in Cause No. C-5049-19-I, in the 398th Judicial District Court of Hidalgo County, Texas.  On December 13, 2019, Plaintiffs filed a First Amended Petition and Application for Injunctive Relief in the state court proceedings (*See* Dkt. No. 9, Ex. B).  Also on December 13, 2019, Defendant Neuhaus & Sons, LLC filed its notice of removal (Dkt. No. 1).  On

---

[1] Defendants Fisher Industries, Fisher Sand and Gravel Co., and Neuhaus & Sons, LLC also filed a Joint Response and Brief in Opposition to Plaintiffs' Motion to Remand ("Joint Response") (Dkt. No. 38).  WBTW adopts and incorporates by reference the arguments set forth in the Joint Response.

January 10, 2020, Plaintiffs filed an Opposed Motion to Remand, alleging this Court lacked subject matter jurisdiction (Dkt. No. 26).

## II.    Argument

### A.    This Court Has Subject Matter Jurisdiction

Under the time-of-filing rule, subject matter jurisdiction is determined on the date the complaint is filed. *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 263 (5th Cir. 2019) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, (2004)) ("The time-of-filing rule—that subject matter jurisdiction is determined when a federal court's jurisdiction is first invoked—is 'hornbook law.'"). A plaintiff cannot avoid federal jurisdiction by amending their complaint to remove the claim that serves as the basis for federal question jurisdiction. *Anderson v. Electronic Data Systems Corp.*, 11 F.3d 1311 (5th Cir. 1994) (plaintiff's deletion of references to ERISA in amended complaint, filed after removal, did not strip federal court of jurisdiction).

Here, the Plaintiffs' First Amended Complaint serves as the operative pleading for analyzing Plaintiffs' Motion to Remand because it was the live pleading on the date of removal. The First Amended Complaint alleges claims that provide this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

When a federal issue is embedded in a state law cause of action, courts turn to the *Grable* test to determine if federal question jurisdiction exists. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Under the *Grable* test, a federal court has federal question jurisdiction over a state law claim if: (1) the state law claim necessarily states a federal issue; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) the federal forum may entertain the issue without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Id.*

Here, Plaintiffs' causes of action necessarily raise a federal issue. The 1970 Treaty (*Treaty to Resolve Pending Boundary Differences and Maintain the Rio Grande and Colorado River as the International Boundary, U.S.-Mex*, Art. IV, Nov. 23, 1970 T.I.A.S. 7313) between the United States and Mexico and numerous federal statutes provide exclusive federal jurisdiction over the construction of a wall on the complained-of land. *See* 22 U.S.C. § 277b; 22 U.S.C. § 277d-35; 22 U.S.C. § 277d-34; 22 U.S.C.A. § 277d-37.

The entire basis for Plaintiffs' nuisance and Texas Water Code claims revolve around a federal question: whether a border wall can be constructed in the flood plain along the Rio Grande River. The matter is substantial not only to the Plaintiffs in this case, but to the federal government as a whole. Indeed, the United States brought a federal court action against WBTW asserting that the International Boundary and Water Commission, United States and Mexico, United States Section ("USIBWC"), a federal commission, has exclusive jurisdiction to approve plans for any construction in the U.S. floodplain along the Rio Grande River border with Mexico. Cause No. 7:19-CV-403. Further, the fact that Congress has passed numerous federal statutes and entered into a treaty with a foreign nation regarding the flood plains of the Rio Grande River demonstrates the magnitude of the issue. This matter is not suitable for state court.

## III. Conclusion

For the reasons stated above, WBTW asks the Court to deny the Motion to Remand.

Respectfully submitted,

**ROERIG OLIVEIRA AND FISHER**

*/s/ David G. Oliveira*
David George Oliveira
Federal ID No. 34165
Texas Bar No. 15254675
10255 N 10th Street

3

McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
Email: doliveira@rofllp.com

**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Federal ID No. 2257983
Texas Bar No. 24087681
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email:      thaskins@btlaw.com

*Counsel for Defendant WeBuildTheWall, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 31st day of January 2020.

*/s/ David George Oliveira*
David George Oliveira

4