# UNITED STATES DISTRICT COURT
# SOUTHER DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/a THE NATIONAL BUTTERFLY CENTER and MARIANNA TREVINO WRIGHT,<br>*Plaintiffs,*<br><br>v.<br><br>NEUHAUS & SONS, LLC; BRIAN KOLFAGE; WE BUILD THE WALL, INC.; FISHER INDUSTRIES; and FISHER SAND AND GRAVEL CO.<br>*Defendants.* | §§§§§§§§§§§§§ | CASE NO. 7:19-CV-00411 |

### PLAINTIFFS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs North American Butterfly Association d/b/a The National Butterfly Center and Marianna Trevino Wright file this response to the Court's "Order to Show Cause for Failure to Serve Defendant Brian Kolfage." Doc. 46.

As the Court is aware, Plaintiffs initially filed suit in the 398th Judicial District of Hidalgo County, wherein they asserted the state-law claims of prospective nuisance, defamation, and business disparagement. Doc. 9-1. On December 13, 2019, Neuhaus & Sons, LLC ("Neuhaus") filed a notice of removal, wherein it asserted that Plaintiffs' nuisance claim purportedly implicated this Court's federal question jurisdiction. *Id.* On January 10, 2020, Plaintiffs filed a motion to remand, arguing therein that their nuisance claim did not involve a federal question. Doc. 26. The Court received all responses to the motion to remand on January 31, 2020. Doc. 38; Doc. 39. Accordingly, as of January 31, 2020, Plaintiffs' motion to remand has been ripe for a ruling.

In the nearly six months that have passed since the motion to remand became ripe for a ruling, the following has occurred:

- the unbuilt wall that was the basis of Plaintiffs' prospective nuisance claim has since been allowed to be built;

- as reported by national media, the land surrounding the wall has eroded, which has adversely impacted the wall's stability;[1]

- President Donald Trump has publicly declared that (1) he always opposed the wall's construction and (2) that the wall's construction was part of a conspiracy to "make [him] look bad";[2] and

- Brian Kolfage and We Build the Wall have publicly disassociated themselves from being in any way involved with the wall's construction.[3]

During the above span of time, Plaintiffs attempted service on Kolfage and Kolfage has evaded service. Plaintiffs have refrained from requesting alternate service on Kolfage while they await a ruling from the Court on the motion to remand. And it remains Plaintiffs' intent to only effectuate service on Kolfage after the Court rules on said motion.[4]

The Fifth Circuit has recognized the necessity of a trial court ruling on a motion to remand and resolving concerns over its subject-matter jurisdiction

---

[1] *See, e.g.,* Shwartz, Jeremy, "He Built a Privately Funded Border Wall. It's Already at risk of Falling Down if Not Fixed," *ProPublica*, July 2, 2020, available at https://www.propublica.org/article/he-built-a-privately-funded-border-wall-its-already-at-risk-of-falling-down-if-not-fixed, last accessed July 22, 2020; Schwartz, Jeremy, "Eroding Private Border Wall to Get an Engineering Inspection Just Months After Completion," *ProPublica*, July 9, 2020, available at https://www.propublica.org/article/eroding-private-border-wall-to-get-an-engineering-inspection-just-months-after-completion, last accessed July 22, 2020.

[2] *See* Trevizo, Perla, "Trump 'Disagreed' With Privately Funded Border Wall, So Why Did His Administration Award the Builder $1.7 Billion in Contracts to Erect More Walls?", *ProPublica*, July 12, 2020, available at https://www.propublica.org/article/trump-says-he-disagreed-with-privately-funded-border-wall-so-why-did-his-administration-award-the-builder-billion-in-contracts-to-erect-more-walls, last accessed July 22, 2020.

[3] Kolfage, Brian (@BrianKolfage). "It's clear the president is not referring to @WeBuildtheWall, as the project in question with a very small (tiny) erosion issue is just a liberal talking point and not the wall that we built. He's referring to the Fisher Industries wall in south Texas which is built on the river" July 13, 2020, 12:24 p.m. Tweet. (available at https://twitter.com/BrianKolfage/status/1282727640370221058, last accessed July 22, 2020).

[4] Prior to January 31, 2020, Plaintiffs made three attempts to effectuate service on Kolfage. In one instance, Kolfage refused to open the door to the process server.

before dismissing parties to a suit.[5] In accordance therewith, Plaintiffs respectfully ask the Court to refrain from dismissing their claims against Kolfage without first (1) issuing a ruling on their motion to remand; and (2) thereafter providing Plaintiffs with a reasonable opportunity to seek service on Kolfage *if* the Court decides it has subject-matter jurisdiction over Plaintiffs' state-law claims.[6]

                      Respectfully submitted,

                      PEÑA AND VELA, P.L.L.C.
                      203 South 10th Street
                      Edinburg, Texas 78539
                      Phone: (956) 383-0751
                      Fax: (956) 383-5980
                      Email: office@penavelalaw.com

                      By: */s/ Javier Peña*_____
                            JAVIER PEÑA
                            State Bar No. 24005092
                            REBECCA VELA
                            State Bar No. 24008207

---

[5] *See, e.g., Harden v. Field Mem'l Cmty. Hosp.*, 265 Fed. Appx. 405, 408 (5th Cir. Feb. 19, 2008) ("[I]f the district court had considered Harden's motion to dismiss Quorum under Rule 41(a)(2) before deciding Harden's remand motion, it would have run the risk of acting without jurisdiction. Given these circumstances, we find that the district court did not err by first resolving its jurisdictional concerns by ruling on Harden's motion to remand before ruling on her Rule 41(a)(2) motion."); *see also Walter Kidde Portable Equip., Inc. v. Univ. Sec. Instruments, Inc.*, 479 F.3d 1330, 1342 (Fed. Cir. 2007) (concluding "that the district court erred by not first determining whether it had subject matter jurisdiction before granting [party's] motion to voluntarily dismiss").

[6] Though Plaintiffs maintain that its suit never presented a federal question, that reality has become even clearer now that the wall has already been built. The arguments in favor of removal and in opposition to remand were all premised on the idea that issues surrounding the wall's planning and construction raised federal questions. But the wall's planning and construction are no longer at issue; only the wall's presently completed existence is at issue. And the Court has heard no argument as to how a completed wall implicates any federal question.

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 16, 2020, all counsel of record who have consented to electronic service were served with a copy of this document via the Court's CM/ECF system.

/s/ *Javier Peña*  
Javier Peña
