# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

NORTH AMERICAN BUTTERFLY
ASSOCIATION DBA NATIONAL BUTTERFLY
CENTER, *et. al.,*
                  Plaintiff,

v.

NEUHAUS & SONS, LLC, *et al.*,
                  Defendants.

Case No.: 7:19-cv-00411

## WEBUILDTHEWALL, INC.'S MOTION TO DISMISS
## PLAINTIFFS' THIRD AMENDED COMPLAINT

Respectfully Submitted,

**ROERIG OLIVEIRA AND FISHER**

*/s/ David G. Oliveira*
David George Oliveira
Attorney-in-Charge
Federal ID No.  34165
Texas Bar No.  15254675
10255 N 10th Street
McAllen, Texas 78504
Telephone:  (956) 393-6300
Facsimile:   (956) 386-1625
Email: doliveira@rofllp.com

**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Federal ID No.  2257983
Texas Bar No.  24087681
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone:  (214) 258-4200
Facsimile:   (214) 258-4199
Email:       thaskins@btlaw.com

*Counsel for Defendant WeBuildTheWall, Inc.*

**TABLE OF CONTENTS**

Page

I. Introduction ..........................................................................................................................1

II. Allegations in the Third Amended Complaint and Procedural History ...............................1

III. Argument .............................................................................................................................4

    A. Plaintiffs' Fail to Specify Wrongful Actions Taken By WBTW .............................5

    B. Plaintiffs' Claim for a "Prospective" Nuisance is Not Ripe ....................................6

    C. Plaintiffs' Fail to Properly State a Claim of "Nuisance" .........................................7

    D. Plaintiffs' Claim for Actual Damages for a "Prospective Nuisance" is Not Permitted Under Texas Law ......................................................................................7

    E. Plaintiffs' Defamation and Business Disparagement Claims Should be Dismissed ..................................................................................................................8

        1. Plaintiffs lack standing to bring a claim for defamation. ............................8

        2. Plaintiffs have not sufficiently pleaded a claim for business disparagement. ...........................................................................................11

        3. Plaintiffs have not identified any statement by WBTW to support a defamation claim. ......................................................................................11

        4. Even if WBTW had made the alleged statements, they were not defamatory. ................................................................................................12

    F. Plaintiffs' Claims Should be Dismissed with Prejudice ........................................12

IV. Conclusion .........................................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*1717 Bissonnet, LLC v. Loughhead*,
   500 S.W.3d 488 (Tex. App.—Houston [14th Dist.] 2016, no pet.)..........................................8

*Armendariz v. Bank of America, N.A.*,
   2015 WL 3504961 (W.D. Tex. May 21, 2015) ............................................................5, 6, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................4

*Dall. Morning News, Inc. v. Tatum*,
   554 S.W.3d 614 (Tex. 2018)..................................................................................................12

*Diaz v. NBC Universal, Inc.*,
   536 F. Supp. 2d 337 (S.D.N.Y. 2008), *aff'd*, 337 F. App'x 94 (2d Cir. 2009)........................10

*Harvest House Publ'rs v. Local Ch.*,
   190 S.W.3d 204 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)....................................10

*Huckabee v. Time Warner Entm't Co.*,
   19 S.W.3d 413 (Tex. 2000).................................................................................................9, 10

*Hurlbut v. Gulf Atl. Life Ins. Co.*,
   749 S.W.2d 762 (Tex. 1987)...................................................................................................11

*Jones v. Geninger*,
   188 F.3d 322 (5th Cir. 1999) ..................................................................................................12

*Levine v. Steve Scharn Custom Homes, Inc.*,
   448 S.W.3d 637 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)....................................10

*Lopez v. City of Houston*,
   617 F.3d 336 (5th Cir. 2010) ....................................................................................................6

*M-I LLC v. Stelly*,
   733 F. Supp. 2d 759 (S.D. Tex. 2010) .....................................................................................4

*Monk v. Hutson*,
   340 F.3d 279 (5th Cir. 2003) ....................................................................................................6

*New York Times Co. v. Sullivan*,
   376 U.S. 254 (1964)................................................................................................................10

*O'Daniel v. Libal*,
  196 S.W.2d 211 (Tex. Civ. App.—Waco 1946, no writ.) ...................................................... 6, 7

*Pollet v. Aurora Loan Servs.*,
  2010 WL 11541788 (W.D. Tex. Dec. 17, 2010) ................................................................. 12

*Schaffer v. Univ. Rundle Corp.*,
  397 F.2d 893 (5th Cir. 1968) ............................................................................................... 9

*Shamburger v. Scheurrer*,
  198 S.W. 1069 (Tex. Civ. App.—Fort Worth 1917, no writ) .............................................. 6, 7

*Shaunfield v. Bank of America*,
  2013 WL 1846838 (N.D. Tex. April 24, 2013) ................................................................... 12

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ......................................................................................................... 8

*Texas Beef Grp. v. Winfrey*,
  11 F.Supp.2d 858 (N.D.Tex. 1998), *aff'd*, 201 F.3d 680 (5th Cir. 2000) ............................. 10

*Texas v. U.S.*,
  523 U.S. 296 (1998) ............................................................................................................. 6

*United States of America v. We Build the Wall, Inc., et al.*,
  Civ. No. 7:19-cv-00403 ..................................................................................................... 2, 5

*Waste Mgmt. of Texas, Inc. v. Texas Disposal Sys. Landfill, Inc.*,
  434 S.W.3d 142 (Tex. 2014) .............................................................................................. 8, 11

*In re Xtreme Power Inc.*,
  563 B.R. 614 (Bkrptcy. Ct. W.D. Tex. 2016) ....................................................................... 6

**Other Authorities**

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
  1357 (3d ed. 2004) ............................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ................................................................................................................. 4

Fed. R. Civ. P. 10(c) .................................................................................................................... 3

Fed. R. Civ. P. 17(a) .................................................................................................................... 9

*Prosser & Keeton on Torts* § 111 (5th ed. 1984) ..................................................................... 10

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), Defendant WeBuildTheWall, Inc. ("WBTW") respectfully requests that the Court dismiss with prejudice the Third Amended Complaint ("TAC") filed by Plaintiffs North American Butterfly Association ("NABA") and Marianna Trevino Wright ("Wright" and, together with NABA, "Plaintiffs").

## I. Introduction

The Third Amended Complaint contains a host of generalized, conclusory allegations which fail to state a cognizable cause of action against WBTW. At the core, Plaintiffs are complaining about a wall built by private parties on private land. Not knowing who should be sued—or who has actual standing to bring a claim—Plaintiffs have simply named multiple parties with whom they have political disagreements, in hopes that the Court will allow them to maintain a lawsuit without being required to make specific factual allegations which, even if presumed to be true, sufficiently allege a recognized cause of action. Nowhere is that more evident than with respect to WBTW, against whom Plaintiffs are unable to make relevant allegations, instead relying on conclusory statements that resemble agency, but which lack the specificity required to maintain such claims. When those are stripped away, it is clear that there remain no factual allegations against WBTW sufficient to maintain the Third Amended Complaint, and it should be dismissed in its entirety as to WBTW.

## II. Allegations in the Third Amended Complaint and Procedural History[1]

On December 3, 2019, Plaintiffs filed the instant action against Neuhaus & Sons LLC ("Neuhaus"), WBTW and Brian Kolfage ("Kolfage"), asserting causes of action entitled "Land Use/Damage to Real Property Under Texas Law" and Defamation. Dkt. No. 1. On December 13, 2019, Neuhaus removed the action to this court. *Id.* On that same day, Plaintiffs amended their

---

[1] WBTW denies most of the allegations in the Third Amended Complaint. For purposes of this motion, however, the Court is to accept well-pleaded facts as true, and thus WBTW will reference them as such.

1

complaint (for the first time), adding as defendants Fisher Industries and Fisher Sand and Gravel Co. (together, "Fisher"). *See* Dkt. 9 at Ex. B. On December 19, 2019, the Court conducted a status conference, at which it raised issues with, *inter alia*, the broad and generalized allegations contained in Plaintiffs' complaint.[2] On September 30, 2020, the Court granted Plaintiffs leave to file the Third Amended Complaint, which asserts causes of action for: 1) Nuisance and 2) "Defamation and Business Disparagement." TAC at ¶¶ 22-26. Plaintiffs have alleged each cause of action against the collective "Defendants," without delineation of the acts allegedly committed by each individual Defendant which would support each cause of action being asserted against that Defendant. *Id*.

The Third Amended Complaint alleges that NABA is the owner of certain real property in Hidalgo County, Texas, referred to as the "Butterfly Center." TAC at ¶ 10. Neuhaus allegedly owns neighboring property, and Fisher and WBTW have allegedly "purchased and/or obtained permission from Neuhaus to build a wall on Neuhaus' property." TAC at ¶ 11. Plaintiffs provide no detail regarding this alleged arrangement, and indeed state that it is plead only "upon information and belief." *Id*. With respect to WBTW's role, Plaintiffs simply allege that WBTW is the "fundraising arm" and agent of Fisher—though the precise nature of, or facts to demonstrate, that agency are not alleged. TAC at ¶ 12. Plaintiffs further allege that WBTW uses "divisive far-right rhetoric" to raise funds. *Id*. In fact, Plaintiffs spend a significant portion of their "Facts" section making allegations about the fundraising efforts of "Defendants," as opposed to any factual predicate for their asserted causes of action. Moreover, they continually allege actions that were taken by "Defendants" or "Builder Defendants," without providing detail regarding the specific

---

[2] Also pending before this Court is a related action, *United States of America v. We Build the Wall, Inc., et al.*, Civ. No. 7:19-cv-00403 (the "Government Action"). Neuhaus is also a defendant in the Government Action, though WBTW has been dismissed as a defendant. *See* Government Action, at Dkt. 11 (attached as Ex. 1 to Oliveira Decl.). References to the "Oliveira Decl." are to the January 2, 2020, Declaration of David G. Oliveira, being re-submitted concurrently herewith.

2

acts taken by each named Defendant.

The meat of the Third Amended Complaint concerns two broad allegations. First, Plaintiffs allege that "Defendants" intend to build a wall that could, according to the Third Amended Complaint, cause damage to the Butterfly Center "during flooding events." TAC at ¶¶ 16-23 and Ex. A.[3] Plaintiffs include with the Third Amended Complaint purported expert affidavits stating that the wall could have detrimental impacts on the Butterfly Center, including "topographic and vegetative changes." TAC at Ex. A.[4] The allegations in both the Third Amended Complaint and the affidavits attached thereto make clear that Plaintiffs are concerned with the potential effects on the Butterfly Center from the Rio Grande River during "high flow events" like one identified as occurring nearly a decade ago. Plaintiffs allege that, as a result of the potential damage from another such "high flow event," the wall constitutes a "prospective nuisance." Importantly, Plaintiffs seek only injunctive relief with respect to their claim related to the subject wall.

Plaintiffs' second allegation is that "Defendants" (again lumped together) falsely claimed that NABA and Wright are "engaged in 'human trafficking' and 'drug smuggling.'" TAC at ¶ 14. Plaintiffs attach to the Third Amended Complaint the allegedly defamatory statements, consisting of tweets allegedly from the account of Brian Kolfage[5] in which references are made to the twitter handle "@NatButterflies," a handle for which Plaintiffs do not allege ownership. *Id.* at ¶ 14 and Ex. B. None of the tweets refer to Wright specifically, nor to drug smuggling. *Id*. The statements quoted by Plaintiffs also appear to simply refer to the headline of a third-party news article which, conveniently, Plaintiffs did not attach. It further appears to be part of a larger back-and-forth

---

[3] Despite alleging that WBTW is the "fundraising arm" of Fisher, Plaintiffs have also included WBTW as an alleged builder of the wall.

[4] Because Plaintiffs included the purported expert affidavits as part of their complaint, they are properly considered as part of the pleadings for purposes of WBTW's motion to dismiss. *See* Fed. R. Civ. P. 10(c).

[5] Mr. Kolfage has not appeared in this action.

3

between Kolfage and the twitter handle "@NatButterflies," which again Plaintiffs failed to attach. Because Plaintiffs have relied upon an incomplete exhibit in support of its Third Amended Complaint, WBTW provides the additional context of Plaintiffs' cited tweets, in which Plaintiffs referred to Kolfage (and WBTW) as part of a "criminal venture" and a "hate group" engaged in a "criminal project."[6] Oliveira Decl. at Exs. 2-3. Plaintiffs' statements about those individuals and entities pre-dated the complained-of statements allegedly made by "Defendants."

## III. Argument

A proper complaint must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint cannot merely recite the elements of a cause of action but must contain factual allegations sufficient to raise a right to relief above the speculative level, *i.e.*, the factual content must demonstrate that the stated claim for relief is plausible, not just possible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept well-pleaded facts as true, but should not "strain to find inferences favorable to the plaintiff[] or accept conclusory allegations, unwarranted deductions, or legal conclusions." *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 771 (S.D. Tex. 2010) (internal citations omitted). In evaluating a motion to dismiss, the court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth … [w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[6] Because Plaintiffs included only a partial exhibit with respect to the public communications between them and Kolfage, it is appropriate for the Court to consider the additional exhibits attached hereto in connection with WBTW's Motion to Dismiss, and such consideration does not require conversion of the motion into one for summary judgment. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 376 (3d ed. 2004) ("[M]atters incorporated by reference or integral to the claim ... may be considered by the district judge without converting the [12(b)(6)] motion into one for summary judgment."). Regardless, the attached additional information is not required for the Court to dismiss the Third Amended Complaint against WBTW, as detailed *infra*, but provides additional context for the allegations.

4

### A. Plaintiffs' Fail to Specify Wrongful Actions Taken By WBTW

"Global allegations of wrongdoing … are insufficient to state a claim for relief" and, here, Plaintiffs must "specify what acts or omissions [WBTW] committed that form the basis of any of [Plaintiffs'] claims against" WBTW. *See Armendariz v. Bank of America, N.A.*, 2015 WL 3504961, *8 (W.D. Tex. May 21, 2015) (internal citations omitted). In the Third Amended Complaint, Plaintiffs fail to make allegations of any action taken specifically by WBTW—that is not contradicted by Plaintiffs' own pleadings elsewhere—that would support any of their causes of action, and Plaintiffs' claims referencing simply "Defendants" or "Builder Defendants," without delineation of which defendants allegedly took which action(s), are inappropriate. *See id*.

Plaintiffs allege that WBTW is just the "fundraising arm" of Fisher, which obviously should not subject it to liability for Fisher's—or anyone else's—alleged violations for building a private wall. As an initial matter, Plaintiffs allege no specific facts to support their allegation that WBTW is the "fundraising arm" of Fisher, which is neither relevant nor accurate. Regardless, the Third Amended Complaint fails to allege any particularized facts indicating that WBTW has the ability to direct or control the construction of the subject wall. Accordingly, Plaintiffs' claim for prospective nuisance arising from the construction of the wall—for which WBTW is plainly not responsible[7]—simply fail. Likewise, Plaintiffs' defamation and business disparagement claims arise from allegedly defamatory tweets that—on their face—are not from WBTW and therefore are not sufficient to support a claim against WBTW. Plaintiffs seem to want the Court to simply take the alleged act of one Defendant as the act of all Defendants, without being required to specifically allege facts against each Defendant that would support its claims for relief. The law requires more. *See Armendariz*, 2015 WL 3504961 at *8. And Plaintiffs' naked assertion that

---

[7] Indeed, this Court has already dismissed WBTW from the Government Action specifically because the Government effectively conceded that WBTW was *not* responsible for building the complained-of wall. Oliveira Decl., Ex. 4.

5

WBTW is the agent of certain other Defendants, without sufficient factual allegations to support such a claim, likewise fails. *See In re Xtreme Power Inc.*, 563 B.R. 614, 649 (Bkrptcy. Ct. W.D. Tex. 2016) (dismissing a claim where "no facts to support [] conclusory agency statement"). Because none of the causes of action in the Third Amended Complaint are supported by specific allegations of wrongdoing by WBTW, each should be dismissed as to it.

### B.   Plaintiffs' Claim for a "Prospective" Nuisance is Not Ripe

"Ripeness is a component of subject matter jurisdiction, because a court has no power to decide disputes that are not yet justiciable." *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. U.S.*, 523 U.S. 296, 300 (1998); *see also Monk v. Hutson*, 340 F.3d 279, 282 (5th Cir. 2003) ("a case is not ripe if further factual development is required"). Accordingly, "[a] court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Monk*, 340 F.3d at 282.

When an attempt is made to enjoin an *anticipated* nuisance, the threatened injury must not be merely probable, but reasonably certain. *O'Daniel v. Libal*, 196 S.W.2d 211, 213 (Tex. Civ. App.—Waco 1946, no writ.) ("A mere prospect of future annoyance or injury from a structure or instrumentality which is not a nuisance per se is not ground for an injunction, and equity will not interfere where the apprehended injury or annoyance is doubtful, uncertain or contingent."). Here, Plaintiffs do not contend that the proposed wall is a "nuisance per se," and indeed there is no basis for such an allegation. *See Shamburger v. Scheurrer,* 198 S.W. 1069, 1071 (Tex. Civ. App.—Fort Worth 1917, no writ) (noting that a nuisance per se is an act, occupation or structure that is a nuisance at all times, regardless of location). Accordingly, to be entitled to the relief they seek, Plaintiffs must allege that the feared injury is more than "doubtful, uncertain or contingent." *See id*. (finding that "the petition itself was insufficient to authorize the trial court to grant even the

preliminary injunction").

Plaintiffs do not meet that burden. Instead, the Third Amended Complaint merely alleges that the proposed wall will create a nuisance by creating a "buildup of surface water" from the Rio Grande River during flooding events. TAC at ¶ 19. And while Plaintiffs have alleged that the wall will create "detrimental effects" for the Butterfly Center, the effects identified are presented as impacts their purported expert "expects" to happen "during extreme high flows." *Id*. at Ex. A. Plaintiffs do not allege: 1) that such flooding and "extreme high flows" are imminent or 2) that, even if such an event did happen, it would certainly be of such a magnitude as to create their expected damages. Tellingly, since its complaint was first filed, Plaintiffs now allege that many of their feared "failures" of the subject wall have occurred—yet Plaintiffs have not been able to allege actual damage to the Butterfly Center. In short, Plaintiffs have not alleged sufficient facts from which it can be determined that Plaintiffs' feared injury is anything more than "doubtful, uncertain or contingent." Accordingly, Plaintiffs have failed to plead a cognizable claim for prospective nuisance. *See O'Daniel*, 196 S.W.2d at 213.

      **C.**     **Plaintiffs' Fail to Properly State a Claim of "Nuisance"**

As detailed in the Fisher and Neuhaus Defendants' Second Amended Motion to Dismiss (Dkt. No. 62), Plaintiffs have failed to adequately plead a claim for Nuisance under Texas law. WBTW hereby incorporates and adopts the Fisher and Neuhaus Defendants' Second Amended Motion to Dismiss, and urges dismissal of the Third Amended Complaint on the bases thereof. For the Court's convenience, those arguments will not be re-stated herein.

      **D.**     **Plaintiffs' Claim for Actual Damages for a "Prospective Nuisance" is Not Permitted Under Texas Law**

Plaintiffs may not recover actual damages for a prospective nuisance claim under Texas law. *1717 Bissonnet, LLC v. Loughhead*, 500 S.W.3d 488, 496-97 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[W]e have not found . . . any Texas authority permitting recovery of

damages in tort liability for a prospective nuisance. In the absence of any basis in the common law or any statute . . . we decline to create a new tort cause of action allowing the recovery of damages allegedly caused by a prospective nuisance."). Having dropped a claim for such actual damages in its Third Amended Complaint, Plaintiffs appear to concede this point. Combined with the failure of Plaintiffs to allege any particularized facts regarding WBTW's *control* of the building of the subject wall, it is plain that there is no relief that could be granted against WBTW arising from the prospective nuisance claim and, therefore, that claim should be dismissed.

### E. Plaintiffs' Defamation and Business Disparagement Claims Should be Dismissed

#### 1. *Plaintiffs lack standing to bring a claim for defamation.*

Standing, like ripeness, is a component of subject matter jurisdiction that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). As the party invoking federal jurisdiction, the plaintiff has the burden of establishing standing. *Id*. Under Texas law, only a natural person, corporation or partnership may sue for defamation—not a business. *See Waste Mgmt. of Texas, Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 150 n.35 (Tex. 2014). NABA does not allege that it is a corporation or partnership, and thus has failed to adequately allege standing to bring its defamation claim.

Nonetheless, even if a non-profit such as NABA could maintain an action for defamation, and even assuming NABA had adequately alleged it was a corporation or partnership, when a business is allegedly defamed, the proper plaintiff is the *owner* of the business, not the business itself. The Third Amended Complaint is devoid of any allegations regarding who the owner of NABA is, and there is no allegation that Wright is that owner—or indeed that any allegedly defamatory comments were directed at Wright. To the contrary, Plaintiffs contend (generally) that the allegedly defamatory statements were about Butterfly Center—the business. TAC at ¶ 14.

8

In fact, however, the allegedly defamatory statements specifically included in the Third Amended Complaint were directed at the twitter handle "@NatButterflies," an account for which neither Plaintiff alleges ownership. TAC at Ex. B. None mentions NABA or Wright directly, and the Third Amended Complaint does not contain any particularized allegation to connect those statements with either Plaintiff, or allege that the tweets are anything more than a statement about the *business*, Butterfly Center. Accordingly, the Third Amended Complaint fails to establish any basis upon which the Court could determine that either Plaintiff—NABA or Wright—have standing to bring a defamation claim.

Moreover, it is well-settled that an action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by an individual, but must be brought in the name of the corporation. *Schaffer v. Univ. Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968); *see also* Fed. R. Civ. P. 17(a). The allegedly defamatory tweets were plainly directed at "@NatButterflies," with no mention of Wright specifically. TAC at Ex. B. And Plaintiffs' only allege that Wright is the executive director of the Butterfly Center—not the owner or any other relation that could make the allegedly defamatory statements even plausibly about her individually. *Id*. at ¶ 14. Accordingly, Wright lacks standing to bring any cause of action for injury allegedly suffered by the Butterfly Center, or suffered as a result of the tweets attached to the Third Amended Complaint. *See Schaffer*, 397 F.2d at 896.

Plaintiffs allege that Wright has standing because she is associated with NABA, and someone may "infer" that the statements implicated "Butterfly Center's leadership." TAC at ¶ 24. But that is not the standard. Instead, in order to prove an action for defamation, Texas law requires the plaintiff to establish that the defamatory statement actually referred to the plaintiff. *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 429 (Tex. 2000). The tweets at issue do not mention a single individual, and a general condemnation cannot reasonably be regarded as referring to a

9

particular plaintiff within a group. *See Prosser & Keeton on Torts* § 111 (5th ed. 1984). Under Texas law, a defamatory statement must refer to an identifiable plaintiff and not merely to members of a class or group of persons. *See Harvest House Publ'rs v. Local Ch.*, 190 S.W.3d 204, 213 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see, e.g., New York Times Co. v. Sullivan*, 376 U.S. 254, 288–89 (1964) (holding that since the Plaintiff was not identified by his name or office, and nothing in the statement itself could be read as accusing the Plaintiff of personal involvement, the statement was not "of and concerning" the Plaintiff).

According to the group libel doctrine, a plaintiff "has no cause of action for a defamatory statement directed to some of, but less than, the entire group when there is nothing to single out the plaintiff." *Levine v. Steve Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 651 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *Huckabee*, 19 S.W.3d at 429 (holding party had no cause of action for defamation where the complained-of statements criticizing the family-law courts in Harris County did not single out a particular plaintiff in a group); *Texas Beef Grp. v. Winfrey*, 11 F.Supp.2d 858, 864 (N.D.Tex. 1998), *aff'd*, 201 F.3d 680 (5th Cir. 2000) (holding party had no cause of action for defamation where the complained-of statements discussing the dangerous practices in the beef industry did not single out a particular plaintiff in the group for a defamation claim); *Diaz v. NBC Universal, Inc.*, 536 F. Supp. 2d 337, 342 (S.D.N.Y. 2008), *aff'd*, 337 F. App'x 94 (2d Cir. 2009) (dismissing group libel claim at motion to dismiss stage and discussing how multiple states apply the group libel doctrine in an identical way).

And while Plaintiffs may seek to rely on their general statements in the Third Amended Complaint that Wright has been defamed, they cite for the Court the specific statements of which they complain—and none mention Wright. When the allegations in a pleading are contradicted by an attached exhibit, the exhibit controls. *See Simmons*, 113 F.2d at 813 ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled

10

that the exhibits control."). Wright's association with NABA should not provide her carte blanche standing to bring a defamation claim for any allegedly defamatory statement directed at the nonprofit group that employs her. And as she has not made any particularized factual allegations to support a claim for injury that she suffered personally, dismissal is warranted.

      2.    *Plaintiffs have not sufficiently pleaded a claim for business disparagement.*

To maintain a claim for business disparagement, Plaintiffs are required to plead and prove special damages, *i.e.*, pecuniary losses suffered that have been realized or liquidated, such as through the loss of specific sales. *See Waste Mgmt. of Texas, Inc.*, 434 S.W.3d at 155; *see also, Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987). Plaintiffs have not alleged any particularized facts to support an allegation of any actual pecuniary loss allegedly suffered as a result of any defamatory statements. Accordingly, Plaintiffs' claim for business disparagement should be dismissed.

      3.    *Plaintiffs have not identified any statement by WBTW to support a defamation claim.*

Plaintiffs do not identify a single statement allegedly made by WBTW, let alone identify when and where WBTW made such a statement, or the damages incurred by Plaintiffs as a result of any statement made by WBTW. For this reason alone, Plaintiffs have not met their pleading burden and the claim for defamation should be dismissed. *See Armendariz*, 2015 WL 3504961 at *8 (internal citations omitted).

The only statements Plaintiffs identify as forming the bases of their defamation and business disparagement allegations are *Kolfage's* alleged statements on twitter. TAC at Ex. B. This is insufficient to maintain a claim against WBTW for multiple reasons. First, and most obviously, *it was not a statement made by WBTW*. Second, even if Kolfage were an employee of WBTW, Plaintiffs have not alleged that Kolfage made the allegedly defamatory tweets in the scope of his authority as an agent of WBTW—to the contrary, Plaintiffs actually allege that those

11

statements were made as the agent of the *other* Defendants, Fisher and Neuhaus. TAC at ¶ 24.

    4.    <u>*Even if WBTW had made the alleged statements, they were not defamatory.*</u>

Whether or not a statement is capable of a defamatory meaning is a question of law for the Court to decide. *See Shaunfield v. Bank of America*, 2013 WL 1846838, *3 (N.D. Tex. April 24, 2013) (granting 12(b)(6) motion to dismiss defamation claim). While Plaintiffs allege that the statements made by Kolfage (and conclusorily attributed to WBTW) are false, "even when a statement is verifiable as false, it does not give rise to liability if the 'entire context in which it is made' discloses that it is merely an opinion masquerading as a fact." *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018). Here, the context shows that at worst Kolfage was responding to <u>Plaintiffs'</u> prior accusations that Kolfage, WBTW and others were a "hate group" engaged in criminal conduct. *See* Oliveira Decl, Exs. 2-3. It would be odd, indeed, for Plaintiffs to maintain before this Court that accusations of criminal conduct are defamatory, when they themselves made the same accusations against Kolfage, WBTW, and others. Regardless, it is evident that, in context, the complained-of statements are not defamatory, as a matter of law, and ripe for dismissal. *See Shaunfield*, 2013 WL 1846838 at *4 (dismissing defamation claim as inadequately pleaded).

    **F.**    **Plaintiffs' Claims Should be Dismissed with Prejudice**

A court should dismiss an action with prejudice if it finds that plaintiffs can make no viable claim with regard to the underlying facts, such that amendment would be futile. *Jones v. Geninger*, 188 F.3d 322, 327 (5th Cir. 1999). Dismissal with prejudice is appropriate where the plaintiff has been offered an opportunity to amend and was unable to remedy the deficiencies in its original complaint. *See Pollet v. Aurora Loan Servs.*, 2010 WL 11541788 (W.D. Tex. Dec. 17, 2010). Plaintiffs have already amended their complaint multiple times, even after the Court identified potential deficiencies during a status conference. Accordingly, dismissal with prejudice is

warranted.

## IV. Conclusion

For the foregoing reasons, and any other reasons which the Court may see fit to consider, WBTW respectfully requests that Plaintiffs' Third Amended Complaint against WBTW be dismissed with prejudice.

Respectfully submitted,

**ROERIG OLIVEIRA AND FISHER**

/s/ David G. Oliveira
David George Oliveira
Attorney-in-Charge
Federal ID No. 34165
Texas Bar No. 15254675
10255 N 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
Email: doliveira@rofllp.com

**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Federal ID No. 2257983
Texas Bar No. 24087681
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email:      thaskins@btlaw.com

*Counsel for Defendant WeBuildTheWall, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 30th day of October, 2020.

*/s/ David George Oliveira*
David George Oliveira