UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION d/b/a THE NATIONAL BUTTERFLY CENTER and MARIANNA TREVINO WRIGHT, *Plaintiffs*, | § § § § § § | |
| v. | § § | CASE NO. 7:19-CV-00411 |
| NEUHAUS & SONS, LLC; BRIAN KOLFAGE; WE BUILD THE WALL, INC.; FISHER INDUSTRIES; and FISHER SAND AND GRAVEL CO. *Defendants.* | § § § § § § | |

**PLAINTIFFS' RESPONSE TO
WEBUILDTHEWALL, INC.'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs North American Butterfly Association d/b/a The National Butterfly Center ("the Butterfly Center") and Marianna Trevino Wright ("Wright") file this response in opposition to the "Motion to Dismiss Plaintiffs' Third Amended Complaint" (ECF #64) filed by WeBuildTheWall, Inc. ("WBTW"), which seeks dismissal of all claims stated in Plaintiffs' Third Amended Complaint (ECF #55) pursuant to Rule 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion to dismiss should be denied.

**I.     Prior to ruling on any Rule 12(b) motion, the Court must rule on Plaintiffs' pending motion to remand.**

1.     On January 10, 2020, Plaintiffs filed a motion to remand this cause to the state court from which it was removed. ECF #26. That motion remains pending. And because the motion to remand implicates the Court's jurisdiction over this case, that motion must first be ruled on in order for the Court to ascertain the necessity and propriety of ruling on any Rule 12(b) motion. *See Burns Motors, Ltd. v. FCA USA LLC*, No. 7:17-CV-00421, at *5 (S.D. Tex. Jan. 18, 2018) (J. Alvarez)

1

(granting motion to remand and thus denying Rule 12(b)(6) motion as moot). And as has been the case with every prior motion to dismiss filed in this suit, the motion to dismiss that is the subject of this response gives *zero* indication that the resolution of the state-law claims before the Court actually implicate or are intertwined with *any* federal question—the sole jurisdictional basis provided in the notice of removal. The complete lack of any material federal question in this case is quietly conceded in every motion to dismiss that is filed.

## II. ARGUMENT

### A. Legal standard governing Rule 12(b)(6) motions.

2. "[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted." *IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (internal quotation marks omitted). When considering a defendant's Rule 12(b)(6) motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56. "[L]ack of detail [in a complaint] does not constitute a sufficient ground to dismiss a complaint under Rule 12(b)(6)." *Ysasi v. Nucentrix Broadband Networks, Inc.*, 205 F. Supp. 2d 683, 686 (S.D. Tex. 2002). Moreover, "[t]o survive a 12(b)(6) motion to dismiss, a complaint need not correctly categorize the legal theories giving rise to the claims; it must merely allege facts upon which relief can be granted." *Rathborne v. Rathborne*, 683 F.2d 914, 917 n.8 (5th Cir. 1982).

### B. The Butterfly Center's nuisance claim against WBTW should not be dismissed.

3. In its motion to dismiss, WBTW incorporates by reference the arguments found in Fisher Defendants and Neuhaus' motion to dismiss (ECF #62), which seeks dismissal of the Butterfly Center's prospective-nuisance claim. Accordingly, Plaintiffs similarly incorporates herein by reference the arguments it

2

made in response to said motion. ECF #66. Plaintiffs further incorporate herein by reference the nuisance-related arguments that they raised in their response to WBTW's first motion to dismiss. ECF #31.

4. With the aforementioned arguments incorporated herein by reference, the only argument from WBTW that merits further response is WBTW's contention that the Third Amended Complaint ("the Complaint") purportedly fails to identify how WBTW is liable for the now-completed subject wall. The Complaint, however, alleges:

- that WBTW, among other named defendants, "purchased and/or obtained permission from Neuhaus to build [the subject wall]" (ECF #55-5 at ¶ 11);
- that WBTW helped pay for the subject wall, from which a possible ownership interest in the subject wall can be inferred (*Id.* at ¶¶ 12-13);
- that WBTW has been provided access to the subject wall (*Id.* at ¶ 13); and
- that WBTW has publicly declared some level of control over the subject wall's construction (*Id.* at ¶ 13).

The Complaint thus adequately sets forth a factually sufficient basis for why WBTW should be the target of a prospect-nuisance claim and any permanent-injunctive relief afforded.

5. Though law governing Rule 12(b)(6) motions calls upon the Court to accept the factual allegations in the Complaint in the light most favorable to Plaintiffs, *see supra* ¶ 2, WBTW invites the Court to disregard this well-settled body of law by inviting it to consider events that transpired in *United States of America v. Fisher Industries* ("the government suit"). ECF #64 at 5 & n.7; ECF #65 at 3-6. WBTW's invitation is plainly wrong. The fact that the federal government agreed to dismiss WBTW from the government suit based on factual representations made by WBTW's counsel at a hearing does not magically negate—under a Rule 12(b)(6) review—any factual contention in Plaintiffs' Third Amended Complaint.

6. For all these reasons, the Butterfly Center's prospective-nuisance claim against WBTW should not be dismissed.

3

### C. The Butterfly Center's defamation and business disparagement claims should not be dismissed, nor should Wright's defamation claim be dismissed.

7. WBTW's defamation-related arguments in its current motion to dismiss reiterate—in near-identical fashion—the defamation-related arguments that WBTW raised in (1) its prior motion to dismiss and (2) its reply in support of the prior motion to dismiss. *Compare* ECF #14 at 9-13 and ECF #37 at 4-6 *with* ECF #64 at 8-13. Accordingly, Plaintiffs incorporate herein by reference the pertinent arguments they raised in their response to WBTW's prior motion to dismiss. ECF #31 at 5-6. The only defamation-related argument from WBTW that Plaintiffs have not previously had an opportunity to address is WBTW's contention that the "group defamation doctrine" precludes a determination that any defamatory statement concerns Wright—a contention that WBTW first raised in its reply brief (ECF #37 at 4-6) and that it reiterates in its new motion to dismiss.

8. To begin, WBTW's arguments against Wright are predicated on the assumption that all defamatory publications underlying Wright's defamation claim are attached as exhibits to the Complaint. This is not the case. The Complaint does not assert that all defamatory publications at issue are attached to the Complaint; the publications that are attached (ECF #55-2) represent but a sampling of the defamatory conduct that WBTW has directed to the Butterfly Center and Wright. That said, even if the Court assumes that Wright's defamation claim is limited to what is attached to the Complaint, Wright's defamation claim still survives dismissal.

9. The Complaint contains copies of defamatory statements published by WBTW's president, Brian Kolfage ("the subject statements"). ECF #55-2. As alleged in the Complaint, Kolfage published the subject statements "while acting at the behest of and to further the interest of WBTW[.]" ECF #55 at ¶ 24. Through the subject statements, WBTW publicly and maliciously (1) asserts that the Butterfly Center is "promoting trafficking of children"; (2) infers that the Butterfly Center is engaged in "rampant sex trade" and has dead bodies buried on its

4

property; and (3) infers that the Butterfly Center is engaged in drug smuggling. *Id*. In its motion to dismiss, WBTW contends that the subject statements solely concern the Butterfly Center and not Wright, who is not explicitly referenced in the subject statements.

10. In *Levine v. Steve Scharn Custom Homes, Inc.*—an opinion relied on in WBTW's motion—the Houston [1st] Court of Appeals stated the following:

> Under the group libel doctrine, a plaintiff has no cause of action for a defamatory statement directed **to some of**, **but less than**, the entire group when there is nothing to single out the plaintiff. Consequently, the plaintiff has no cause where the statement does not identify to which members it refers.
>
> In contrast, if a statement refers to all members of a small group, then individuals within that group can maintain a defamation claim.
>
> The focus of our inquiry is how the message can be perceived objectively by a reasonable person. It is not necessary that every listener understand the reference to the plaintiff, so long as there are some who reasonably do so. A claim is actionable if the language of the publication and the surrounding circumstances are such that friends and acquaintances of the plaintiff recognize that the publication is about the plaintiff when that recognition is objectively reasonable.

448 S.W.3d 637, 651 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citations, brackets, and internal quotation marks omitted). In attempting to apply the group libel doctrine to the subject publications, WBTW completely ignores the above-bolded language from *Levine*. The subject publications do not reference "some of" the Butterfly Center's representatives, making the group libel doctrine inapplicable here.

11. But even if the group libel doctrine is applicable here, Wright's defamation claim still survives. Though the number of people employed at the Butterfly Center is not addressed in the Complaint, there is every reason to believe that the Butterfly Center—a nonprofit organization—is composed of only a small group of people. *See Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 548 (5th Cir. 2005) (recognizing that "every doubt [is] resolved" in favor of the plaintiff under

5

a Rule 12(b)(6) review). Moreover, one cannot lose sight of the specific allegations being made in the subject statements—namely, that the Butterfly Center is engaged in child trafficking, the sex trade, and drug smuggling. These represent elaborate criminal acts that, if believed, would naturally compel one to believe that said criminal acts are being facilitated by the Butterfly Center's management personnel. It strains credulity to believe otherwise.

12. The Complaint states that Wright is the Butterfly Center's executive director. ECF #55 at ¶ 24; *see generally Executive Director*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A salaried employee who serves as an organization's chief administrative and operating officer and heads its professional staff."). If reasonable persons reading the subject statements believed their content—which is precisely what WBTW desired—it is highly probable that some of those reasonable persons would naturally attribute the elaborate criminal conduct alleged to the Butterfly Center's top leader, who is Wright. *See Levine*, 448 S.W.3d at 651. Accordingly, the Court should find that the subject statements concern Wright.[1]

---

[1] The "Exhibit 2" and "Exhibit 3" (collectively "the subject exhibits") attached to WBTW's motion to dismiss (ECF #65 at 7-10) are plainly outside the permissible scope of what a court may consider when ruling on a Rule 12(b)(6) motion. Plaintiffs' exhibit containing the subject statements is a complete exhibit. The subject exhibits do not constitute a "part" of the subject statements simply because WBTW believes that the subject exhibits provide justification for WBTW falsely accusing Plaintiffs of engaging in drug smuggling, sex trade, and child trafficking. WBTW has not—and cannot—present the Court with any legal authority justifying their reliance on the subject exhibits.

As a side note, it is incredible that WBTW would continue to feign outrage over a statement that Kolfage and Steve Bannon were using WBTW to engage in a criminal conspiracy (ECF #65 at 8) even after the federal government has since arrested and indicted Kolfage and Bannon on that very basis.

### III. CONCLUSION

13. Because Plaintiffs stated claims on which relief can be granted against WBTW and for which Plaintiffs have standing to pursue, the Court should deny WBTW's motion.

Respectfully submitted,

**PEÑA AND VELA, P.L.L.C.**
203 South 10th Street
Edinburg, Texas 78539
Phone: (956) 383-0751
Fax: (956) 383-5980
Email: office@penavelalaw.com

By: */s/ Javier Peña*_____
    JAVIER PEÑA
    State Bar No. 24005092
    REBECCA VELA
    State Bar No. 24008207

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 20, 2020, all counsel of record who have consented to electronic service were served with a copy of this document via the Court's CM/ECF system.

/s/ *Javier Peña*
Javier Peña