IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION DBA NATIONAL BUTTERFLY CENTER, *et al.,*<br>　　　　　Plaintiff,<br>v.<br>NEUHAUS & SONS, LLC, *et al.*,<br>　　　　　Defendants. | Case No.: 7:19-cv-00411 |

**WEBUILDTHEWALL, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**

Respectfully submitted,

**ROERIG OLIVEIRA AND FISHER**

*/s/ Thomas G. Haskins, Jr.*
David George Oliveira
Attorney-in-Charge
Federal ID No. 34165
Texas Bar No. 15254675
10255 N. 10th Street
McAllen, Texas 78504
Telephone:  (956) 393-6300
Facsimile:  (956) 386-1625
Email:　　　doliveira@rofllp.com

**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Federal ID No. 2257983
Texas Bar No. 24087681
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone:  (214) 258-4200
Facsimile:  (214) 258-4199
Email:　　　thaskins@btlaw.com

*Counsel for Defendant WeBuildTheWall, Inc.*

Defendant WeBuildTheWall, Inc. ("WBTW") respectfully submits the foregoing reply memorandum of law in further support of its motion to dismiss Plaintiffs North American Butterfly Association d/b/a The National Butterfly Center ("NABA") and Marianna Trevino Wright's ("Wright" and, together with NABA, "Plaintiffs") Third Amended Complaint ("TAC"), and in response to Plaintiffs' November 20, 2020, Response brief (the "Response").

## I. The Court Has Jurisdiction to Rule on WBTW's Motion to Dismiss

In the NABA Response, Plaintiffs argue that the Court "must first rule" on Plaintiffs' pending motion to remand before ruling on "any Rule 12(b) motion," including WBTW's Motion to Dismiss. In support of that proposition, Plaintiffs cite only to a ruling in which Judge Alvarez of the Southern District actually ruled on a 12(b)(1) motion *before* ruling on a motion to remand—which is not what Plaintiffs imply that ruling to be. *See Burns Motors, Ltd. v. FCA USA LLC*, No. 7:17-CV-00421 (S.D. Tex. Jan. 18, 2018). WBTW has likewise filed a motion under Rule 12(b)(1)—seeking dismissal of the prospective nuisance claim as not ripe, and the defamation and business disparagements claims for lack of standing—and, therefore, those questions should (even under Plaintiffs' rubric) be determined first. Regardless, as has already been extensively briefed, this matter was properly removed and is appropriate for dismissal by this Court. *See* Dkts. 38-39.

## II. Plaintiffs' Prospective Nuisance Claim Fails

A mere prospect of future annoyance or injury from a structure or instrumentality which is not a nuisance per se is not ground for an injunction, and equity will not interfere where the apprehended injury or annoyance is doubtful, uncertain, or contingent. *O'Daniel v. Libal*, 196 S.W.2d 211, 213 (Tex. Civ. App.—Waco 1946, no writ.). In their Response, Plaintiffs do not address WBTW's nuisance arguments, instead simply incorporating by reference an opposition they filed to WBTW's original motion to dismiss (which itself was directed at an earlier version of the complaint). Regardless, Plaintiffs have consistently ignored that they do not allege that the

subject wall is a nuisance per se, and instead concede that they are complaining only of events they *believe* will happen in the future, and damage that is *contingent* on future "extreme high flows." *See* TAC at ¶ 19. The law is clear that such allegations are not sufficient to maintain a claim for prospective nuisance. *See, e.g., O'Daniel*, 196 S.W.2d at 213 (where no nuisance per se, there is no claim for injury contingent on other events). Accordingly, dismissal is appropriate.

### III. Plaintiffs Have Failed to Allege Sufficient Factual Allegations of Wrongdoing by WBTW

As detailed in WBTW's Motion to Dismiss, instead of providing factual allegations of wrongdoing by WBTW, Plaintiffs have instead provided inappropriate global allegations of wrongdoing, simply lumping in WBTW with the other defendants. That is improper. *See Armendariz v. Bank of America, N.A.*, 2015 WL 3504961, *8 (W.D. Tex. May 21, 2015) ("Global allegations of wrongdoing … are insufficient to state a claim for relief … [plaintiff] must therefore specify what acts or omissions [defendant] committed that form the basis of any of Plaintiffs' claims against [that defendant]") (internal citations omitted). Plaintiffs respond to this argument by claiming that they have provided a "factually sufficient basis" to maintain their nuisance claim against WBTW, but do so by pointing to only four allegations from the Third Amended Complaint. Taken in turn, each demonstrates that Plaintiffs have not met their burden to allege a factually sufficient complaint against WBTW:

1) First, Plaintiffs point to their allegation that the defendants (globally) "purchased and/or obtained permission from Neuhaus to build" the subject wall. NABA Response at pg. 3. But that allegation was made *on information and belief* and is contradicted later in the TAC, when Plaintiffs allege that the Fisher Defendants (not WBTW) are the ones that "directly engage in the planning, development, and construction of these private border walls." TAC at ¶¶ 11-12.

2) Next, Plaintiffs point to their allegation that WBTW allegedly "helped pay for the subject wall," which, Plaintiffs argue, allows the Court to "infer" a "possible ownership interest."

2

NABA Response at pg. 3.  But the standard is not what the Court can "possibly" "infer" from a Complaint.  *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 771 (S.D. Tex. 2010) (a Court should not "strain to find inferences favorable to the plaintiff[] or accept conclusory allegations, unwarranted deductions, or legal conclusions") (internal citations omitted).  Moreover, an ownership interest does not "infer" a right to control the building of the subject wall or, more importantly, a right to *stop* the building of the subject wall.  Without that, Plaintiffs have failed to allege that the prospective nuisance claim is proper as to WBTW.

 3) Plaintiffs next argue that they alleged WBTW "has been provided access to the subject wall."  NABA Response at pg. 3.  Plaintiffs do not even attempt to explain how this can equate to an allegation sufficient to maintain its nuisance claim.  Indeed, any number of parties—including Plaintiffs—may have been provided access to the subject wall at various times.  That alone means absolutely nothing in terms of pleading a proper cause of action against WBTW.

 4) Finally, Plaintiffs allege that WBTW has "publicly declared some level of control over the subject wall's construction."  NABA Response at pg. 3.  This incredibly vague allegation provides nothing for the Court to even guess as to the "level of control" supposedly declared (or possessed) by WBTW. Nonetheless, it is telling that even when Plaintiffs tell this Court that something has been "publicly declared," they cannot provide specifics.  Obviously, if the "publicly declared" level of control was material to Plaintiffs' establishing a claim over WBTW, they would have (and could have) alleged detail.  They do not, and that speaks volumes.

 Most damning for Plaintiffs, however, is their own briefing in response to the motion to dismiss filed by the Neuhaus and Fisher Defendants.  In that brief, Plaintiffs tell the Court:

3

> The Complaint alleges (1) that Neuhaus owns the property on which the subject wall is located; (2) that Neuhaus and Fisher Defendants control access to the subject wall; (3) that Fisher Defendants are charged with maintaining the wall; (4) that Fisher Defendants are charged with addressing erosion surrounding the subject wall; and (5) that Fisher Defendants are charged with remedying debris-created obstructions along the subject wall.

Dkt. 66 at pgs. 13-14. Plaintiffs do not mention WBTW at all and, to the contrary, allege that the ownership, access, maintenance, and control of the subject wall are all with the Neuhaus and Fisher Defendants—*i.e.*, not with WBTW. Plaintiffs' arguments before this Court are inconsistent and simply highlight that they have not, and cannot, muster sufficient factual allegations to maintain a prospective nuisance claim against WBTW.[1]

## IV. Plaintiffs Have Failed to Establish Standing to Bring a Defamation or Business Disparagement Claim

Once again, instead of substantively responding to WBTW's Motion to Dismiss, Plaintiffs have simply made reference to WBTW's prior Motion to Dismiss (which was aimed at a different version of Plaintiffs' complaint), and Plaintiffs' response thereto. In any event, Plaintiffs have again failed to address the fact that they have the burden of establishing standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Under Texas law, only a natural person, corporation, or partnership may sue for defamation—not a business. *See Waste Mgmt. of Texas, Inc. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 150 n.35 (Tex. 2014). Plaintiffs do not allege that NABA is a corporation or partnership, instead stating that it is the "business" known as the "Butterfly Center." TAC at ¶ 1. Plaintiffs do not claim to be the owner of that business, nor do they tell this Court who the owner is—thus they have failed to adequately allege standing to bring a defamation claim.

---

[1] Plaintiffs do not address WBTW's motion to dismiss Plaintiffs' claim for actual damages arising from the alleged prospective nuisance, and thus dismissal should be granted as to that portion. *See* Local Rule 7.4.

4

In its (prior) opposition to WBTW's earlier motion to dismiss, all Plaintiffs could muster as a response is that there was no "clearly established" Texas law showing that Plaintiffs lacked standing, and that the "business/owner" distinction established in *Waste Management* is "inapplicable" to Plaintiffs—a proposition for which Plaintiffs provided no legal support. Dkt. 31 at pg. 5. Plaintiffs are simply trying to improperly flip the burden of establishing standing—a burden falling squarely on Plaintiffs. Texas law provides that the *owner* of a business is the only proper plaintiff in a defamation case, and Plaintiffs either cannot, or will not, identify that owner, and have not cited a single legal authority allowing them to avoid doing so. And, of course, Wright—as an individual—cannot maintain those claims on behalf of a corporation or partnership. *See Schaffer v. Univ. Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968). Accordingly, Plaintiffs' defamation claim cannot stand. *See Waste Mgmt. of Texas*, 434 S.W.3d at 150 n.35.

Further, as detailed in WBTW's Motion to Dismiss, Plaintiffs also failed to allege that they actually own the "@NatButterflies" twitter handle to which the allegedly defamatory statements were directed. Plaintiffs simply ignore this portion of WBTW's Motion to Dismiss, even though it was a deficiency pointed out by WBTW over 11 months ago. Dkt. 14 at pg. 4. Plaintiffs still do not (and apparently will not) claim ownership of that twitter handle. That silence is deafening, and warrants dismissal.

## V. Plaintiffs Have Failed to Establish that Wright has Standing as an Individual

In attempting to salvage their defamation and business disparagement claims as to Plaintiff Wright, Plaintiffs start by arguing that the alleged twitter statements included as exhibits to the Third Amended Complaint were simply a "sampling of the defamatory conduct," and thus even if those cannot form the basis of a cognizable claim by Plaintiff Wright, the remainder of the Third Amended Complaint is still sufficient. Response at pg. 4. But if those allegedly defamatory statements and their content are stripped from the Third Amended Complaint, all that is left is

5

conclusory allegations and rote recitations of the elements of a cause of action, which do not withstand scrutiny. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs have had numerous opportunities to plead its case, and have determined that the only factual bases for its defamation and business disparagement claims are encompassed in its attached exhibits, and thus Plaintiffs' claims should be judged based on the content of those exhibits, which are insufficient to establish Plaintiff Wright's standing.

Next, Plaintiffs argue that WBTW has misapplied the group libel doctrine and, accordingly, Wright has standing to sue despite the fact she has not alleged a single defamatory statement which references her, either by name or title. In doing so, Plaintiffs start by telling this Court that WBTW has "completely ignored" language from the Houston First Court of Appeals case *Levine v. Steve Scharn Custom Homes, Inc.*, which discusses the group libel doctrine. Response at pg. 5. But that "completely ignored" language is actually *directly quoted* by WBTW in its Motion to Dismiss. Indeed, a plaintiff, like Wright, "has no cause of action for a defamatory statement directed to some of, but less than, the entire group when there is nothing to single out the plaintiff." *Levine*, 448 S.W.3d 637, 651 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Here, the only allegedly defamatory statements referred to "@NatButterflies," not to Wright. To the extent that Wright is claiming she was the target because she is an employee of NABA, then she is, in effect, relying upon the group libel doctrine, but the allegedly defamatory statements clearly do *not* refer to the "group" of NABA employees, nor in any way single out Wright.

To avoid this, Plaintiffs argue that "there is every reason to believe that [NABA] … is composed of only a small group of people," and, therefore, Wright is entitled to sue based upon the group libel doctrine's exception for members of a "small group." Of course, Plaintiffs do not actually *allege* that NABA is composed of a small group—and even in their Response they do not say it outright, simply saying "there is every reason to believe" that it is true. The party best

6

positioned to know whether that is true is Plaintiffs—yet they will not make that allegation, in the Third Amended Complaint or in their Response. Indeed, there is *no* basis for anyone to "assume" NABA is a small group of people—its very name implies that it is a "National" group like the National Audubon Society, National Wildlife Federation, or National Parks Conservation Associations, all of which are very *large* non-profits. Plaintiffs' logic with respect to Ms. Wright is flawed and would lead to the absurd conclusion that every time a business had a claim for defamation, each of the employees would likewise have standing for that claim. Plainly that is not the law, and should not be allowed here. *See Harvest House Publ'rs v. Local Ch.*, 190 S.W.3d 204, 213 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("a defamatory statement must refer to an identifiable plaintiff and not merely to members of a class or group of persons").

## VI. Plaintiffs Fail to Respond to WBTW's Remaining Arguments, Warranting Dismissal

Plaintiffs simply fail to provide any response to two of WBTW's arguments supporting dismissal, each of which is fatal to one of Plaintiffs' claims. First, to maintain a claim for business disparagement, Plaintiffs are required to plead and prove special damages, *i.e.*, pecuniary losses suffered that have been realized or liquidated, such as through the loss of specific sales. *See Waste Mgmt. of Texas, Inc.*, 434 S.W.3d at 155; *see also, Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987). Plaintiffs have not alleged any particularized facts to support an allegation of any pecuniary loss allegedly suffered as a result of any defamatory statements. Accordingly, Plaintiffs' claim for business disparagement should be dismissed.

Plaintiffs also wholly ignore that whether or not a statement is capable of a defamatory meaning is a question of law for the Court to decide. *See Shaunfield v. Bank of America*, 2013 WL 1846838, *3 (N.D. Tex. April 24, 2013) (granting 12(b)(6) motion to dismiss defamation claim). While Plaintiffs allege that the statements made by Kolfage (and conclusorily attributed to WBTW) are false, "even when a statement is verifiable as false, it does not give rise to liability if

7

the 'entire context in which it is made' discloses that it is merely an opinion masquerading as a fact." *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018). Here, that context shows that at worst Kolfage was responding to Plaintiffs' prior accusations that Kolfage, WBTW, and others were a "hate group" engaged in criminal conduct. *See* Dkt. 65 (Oliveira Decl.,) at Exs. 2-3. It is odd that Plaintiffs would assert defamation over allegations that, at worst, are in-kind responses to Plaintiffs' own public statements. Thus, it is evident that, in context, the complained-of statements are not defamatory, as a matter of law, and ripe for dismissal. *See Shaunfield*, 2013 WL 1846838 at *4 (dismissing defamation claim as inadequately pleaded).

## VII. Conclusion

For the foregoing reasons, and any other reasons which the Court may see fit to consider, WBTW respectfully requests that Plaintiffs' Third Amended Complaint against WBTW be dismissed with prejudice.

Respectfully submitted,

**ROERIG OLIVEIRA AND FISHER**

*/s/ Thomas G. Haskins, Jr.*
David George Oliveira
Attorney-in-Charge
Federal ID No. 34165
Texas Bar No. 15254675
10255 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625
Email: doliveira@rofllp.com

**BARNES & THORNBURG LLP**
Thomas G. Haskins, Jr.
Federal ID No. 2257983
Texas Bar No. 24087681
2121 North Pearl Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 258-4200
Facsimile: (214) 258-4199
Email: thaskins@btlaw.com

*Counsel for Defendant WeBuildTheWall, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 27th day of November, 2020.

                                                    */s/ Thomas G. Haskins, Jr.*
                                                    Thomas G. Haskins, Jr.