United States District Court
Southern District of Texas
**ENTERED**
February 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NORTH AMERICAN BUTTERFLY ASSOCIATION DBA NATIONAL BUTTERFLY CENTER, *et al.*, § § § § | |
| Plaintiffs, § § | |
| VS. § | CIVIL ACTION NO. 7:19-CV-00411 |
| § | |
| NEUHAUS & SONS, LLC, *et al.*, § § § | |
| Defendants. § | |

## **MINUTE ENTRY**

Now before the Court is the Unopposed Motion to Dismiss filed by Plaintiffs North American Butterfly Association d/b/a The National Butterfly Center ("NABA") and Marianna Trevino Wright ("Wright") (collectively "Plaintiffs"). (Dkt. No. 91). Plaintiffs "seek dismissal with prejudice of the prospective nuisance cause of action under the Texas Water Code violation claims under 28 U.S.C. § 1331 asserted by Plaintiffs, based on Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure." *Id.* The Court construes the Motion as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).

Rule 41(a)(1)(A)(i) allows a plaintiff to "dismiss an action without court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" FED. R. CIV. P. 41(a)(1)(A)(i). The Fifth Circuit "interpret[s] 'action' to cover individual defendants—thus allowing plaintiffs . . . to dismiss individual defendants." *Williams v. Seidenbach*, 958 F.3d 341, 344-45 (5th Cir. 2020) (en banc). However, the Fifth Circuit's caselaw does not allow "Rule 41(a) dismissals of some claims against a single defendant." *CBX Res., L.L.C. v. ACE American Ins. Co.*, 959 F.3d 175, 177 n.1 (5th Cir. 2020). "The notice of dismissal

is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curium).

Plaintiffs seek to dismiss "the prospective nuisance cause of action under the Texas Water Code violation claims under 28 U.S.C. § 1331." (Dkt. No. 91). In the Third Amended Complaint, "[NABA] brings a prospective nuisance claim against Defendants." (Dkt. No. 55 at ¶ 23). Plaintiffs also bring defamation and business disparagement claims in the Third Amended Complaint (Dkt. No. 55 at ¶¶ 24-26), but those claims were severed and remanded to the 398th Judicial District Court in Hidalgo County, Texas. (Dkt. No. 88). The Third Amended Complaint does not mention a Texas Water Code violation.[1] Thus, the Court interprets "the prospective nuisance cause of action under the Texas Water Code violation claims under 28 U.S.C. § 1331" (Dkt. No. 91) as the "prospective nuisance claim against Defendants," which is the only claim pending in this Court.

Defendants Brian Kolfage and We Build the Wall, Inc. ("WBTW") never filed an answer or a motion for summary judgment.[2] Therefore, the actions against Brian Kolfage and WBTW are **DISMISSED** with prejudice, as requested. (Dkt. Nos. 91, 92). WBTW's Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. No. 64) is **DENIED** as moot.

Defendant Neuhaus & Sons, LLC ("Neuhaus") filed an Original Answer to the First Amended Petition and Application for Injunctive Relief (Dkt. No. 10), and Defendants Fisher Sand

---

[1] In the Plaintiffs' First Amended Petition and Application for Injunctive Relief, NABA sought damages and equitable relief pursuant to § 11.086(b) of the Texas Water Code. (Dkt. No. 9, Exh. B at ¶ 24). Such a claim is not made in the live pleading. *See* (Dkt. No. 55).

[2] WBTW filed a Rule 12(b) motion to dismiss. (Dkt. No. 64). A Rule 12(b) motion does not preclude a plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i). *Sanchez v. McCormick Trucking Inc.*, No 3:21-cv-1471-C-BT, 2021 WL 3176038 (N.D. Tex. July 8, 2021), *report and recommendation adopted*, No. 3:21-cv-1471-C-BT, 2021 WL 3173905 (N.D. Tex. July 27, 2021); *Richardson v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-2434-N-BN, 2016 WL 5871327, at *2-*3 (N.D. Tex. Oct. 6, 2016), *report and recommendation adopted*, No. 3:16-cv-2434-N-BN, 2016 WL 5871328 (N.D. Tex. Oct. 7, 2016); *see In re Amerijet, Inc.*, 785 F.3d 967, 973-74 (5th Cir. 2015) (per curium) ("[O]nly an answer or a motion for summary judgment will suffice to preclude a plaintiff from dismissing under Rule 41(a)(1)(A)(i).").

and Gravel Co. and Fisher Industries (collectively "Fisher Defendants") filed a First Amended Original Answer (Dkt. No. 63). Accordingly, NABA is precluded from dismissing the actions against Neuhaus and Fisher Defendants under Rule 41(a)(1)(A)(i). The Court **ADVISES** Plaintiffs, Neuhaus, and Fisher Defendants to file a stipulation of dismissal under and in compliance with Rule 41(a)(1)(A)(ii) if they wish to dismiss the actions against Neuhaus and Fisher Defendants.

SO ORDERED February 3, 2022, at McAllen, Texas.

Randy Crane
United States District Judge